### CHIPMAN et al. v. HIBBARD et al.

Courts of co-ordinate jurisdiction have no power to restrain the judgments of each other.

APPEAL from the District Court of the Fourth Judicial District, County of San Francisco.

This was a bill in equity filled in the Fourth Judicial District, setting forth the circumstances under which the defendant Hibbard had obtained a judgment in ejectment in the District Court of the Third Judicial District, against the plaintiffs in this suit, and praying, among other things, that the defendant Hibbard, and his co-defendant Emeric, (who, it was charged, was interested in that judgment,) be required, under the pain of a perpetual injunction, restraining them from proceeding under their judgment in injunction, to enter into a rule, or otherwise consent and stipulate, that in the ejectment suit a new trial be granted.

The Court below, after hearing the testimony in the case, rendered a decree in favor of defendants, dismissing plaintiff's bill.

Plaintiffs appealed.

*Williams, Shafter & Park,* for Appellants.

This is a bill in equity for a new trial at law, on the ground of "excessive damages appearing to have been given, under the influence of passion or prejudice;" the remedy by motion for new trial at law, having been lost without the fault of the party.

A Court of Equity has jurisdiction to grant new trials at law. Belt *v.* Davis, 1 Cal., 134; Burnett *v.* Kilburne, 3 Cal., 327; Bucklew *v.* Chipman, Oct. T., 1855; Gray *v.* Eaton, Oct. T., 1855.

It is not necessary that the bill should be filed in the Court where the judgment at law was rendered. It may as well be filed in the District Court of another district.

Considerations of comity have no just application to the question—for the Court rendering the judment at law, has no relations whatever to the proceeding. The decree does not act upon its records, nor does it contain any mandate directed to the Judge.

The ground of the jurisdiction is, that a Court of Equity has power to act upon the person *Æquitas agit in personam.* Though it cannot affect the judgment by direct action, still, it can bind the conscience of the party in regard to the judgment. The established form of decree is, that the party enter into a rule for a new trial in the Court in which the judgment remains, or that he be perpetually enjoined from taking out execution on the judgment.

On the maxim before quoted, (*Æquitas agit in personam,*) Courts of Equity may compel the specific performance of contracts respecting land abroad. Sto. Eq., vol. 2, § 743; Toller *v.* Cartaret, 2 Vern., 495; Sutton *v.* Fowler, 9 Paige, 280.

On the same principle, they have power to stay proceeedings in the Courts of foreign countries, though nothing is clearer than that the Courts of one country cannot exercise any control or superintending authority over those of another country. 2 Sto. Eq., § 899, and the cases cited in the note; 2 Paige, 606, Mitchell *v.* Bame.

Again, "comity" has no application, except as between sovereignties; it is inapplicable as between the tribunals of a particular country, when the jurisdiction of each is defined by law. 1 Bouvier L. D., Tit. Comity.

Assuming that Courts of Equity have the jurisdiction claimed over the particular subject-matter presented, the only question that can by possibility be started, of a jurisdictional character, is a question of *venue,* and that is settled by the Practice Act, in favor of "the county in which the parties, or some of them, reside at the commencement of the action."

Or if there was a mistake in the venue, then the party should have moved for a change; not having done so, the mistake must be considered as waived. 2 Code R., 118, Millingham *v.* Brophy.

This loss of right was by an "accident," viz.: the accident of adjournment. Sto. Eq., §§ 78, 79.

But admitting that there was negligence, still a Court of Equity has power to grant a new trial on the iniquity of judgment. Maine Ins. Co. v. Hodgson, 7 Cranch, 332; 3 Cal., 464.

*E. W. F. Sloan* for Respondents.

I do not contend that a bill for relief after trial at law, might not be filed in another Court, but there are many reasons why such practice should not be encouraged.

But it is said that if there was negligence, yet because of the inequitable character of the judgment, chancery will relieve.

The case of Maine Ins. Co. v. Hodgson, 7 Cranch, 332, is scarcely applicable. In that case, a defence was sought to be made available in equity, which it was competent for a Court of Equity to enforce, and the question was, whether the defence was one equally available at law, and there had been a trial at law, a Court of Equity would then interpose, and the relief was denied.

"The rule is, says Chancellor Kent, that chancery will not relieve against a judgment at law, on the ground of its being contrary to equity, unless the defendant in the judgment was ignorant of the fact in question, pending the suit, or it could not have been received as a defence, or unless he was prevented from availing himself of the defence by fraud or accident, or the act of the opposite party, unmixed with negligence or fault on his part." Foster v. Wood, 6 J. Ch. R., 89.

"It would be establishing a grievous precedent, and one of great public inconvenience, to interfere in any other case than one of indispensable necessity, and wholly free from any kind of negligence." Per Ch. Kent, on bill for new trial in Floyd v. Jayne, 6 J. Ch. R. 479.

"The defendant cannot come here for a new trial, where no special ground of fraud or surprise is suggested, and when he neglects or omits due diligence, and without due excuse, to defend himself in his proper place; this is a fundamental doctrine of this Court." Barker v. Elkins, 1 J. Ch. R., 464.

"Relief cannot be had here for the purpose of a new trial when the party has lost his opportunity at law by his own negligence." Dodge v. Strong, 2 J. Ch. R., 229.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

This is a bill in equity for a new trial, in an action of ejectment, on the ground of excessive damages, the remedy by motion for a new trial having been lost, without the fault, as is alleged, of the plaintiff. The ejectment suit was tried in the

Third District Court, and this bill is filed in the Fourth District Court.

We decided in the late case of Ricketts and Wife v. Johnson and others, that a Court of co-ordinate jurisdiction could not entertain proceedings to restrain the judgments of another. The plaintiffs should have proceeded before the District Court of the Third District.

Judgment affirmed.