[No. 4440.]

## RICHARD FLAHERTY ET AL. *v.* JOHN W. KELLY.

ENJOINING A JUDGMENT.—One District Court has no jurisdiction to enjoin a judgment rendered in another District Court. The fact that the judge of the court where the judgment sought to enjoined was rendered, is disqualified from sitting in the case, does not constitute an exception to the rule.

APPEAL from the District Court, Nineteenth Judicial District, City and County of San Francisco.

The complaint averred that the defendant, on the 11th day of December, 1872, recovered a judgment against the plaintiffs in the District Court of the Twelfth Judicial District, City and County of San Francisco, enforcing a lien on a lot of the plaintiffs for an assessment for improving Scott street between Pine and California streets; that the demand on which the judgment was rendered was fraudulent, because no work had been done on Scott street, and the assessment was a fraud and the result of a conspiracy, and that for that reason the judge of the Twelfth District granted a new trial on a statement made by the counsel for the defendant therein, but that the Supreme Court reversed the order granting a new trial, because the motion should have been made on a bill of exceptions, and that the plaintiff therein, the defendant here, was proceeding to enforce the judgment by execution. An injunction restraining the collection of the judgment was asked. It was further alleged that the then judge of the Twelfth District was disqualified from trying this cause, because he was the counsel for Kelly in the former case. The court below sustained a demurrer to the complaint, and the plaintiff appealed from the judgment rendered against him.

*James C. Cary*, for the Appellant.

*E. F. Preston*, for the Respondent.

By the COURT:

It is settled that a District Court has no jurisdiction to enjoin a judgment rendered in another District Court. (*Crowley* v. *Davis*, 37 Cal. 269.)

The circumstance that the judge of the court in which the judgment sought to be enjoined was rendered, is disqualified to sit in the case, does not constitute an exception to the rule. The case must, under such circumstances, be brought in the court in which the judgment was rendered, and there dealt with as any other case pending in a court in which the judge is disqualified.

Judgment and order affirmed.