FENSKE vs. KLUENDER and another, imp.

*November 25 — December 16, 1884.*

EQUITY.    *(1, 2)  Action to annul judgment: Where and how commenced: Who may maintain?  (3) Laches.*

1. An action to review and annul a judgment must be brought in the court in which such judgment was rendered, and leave must first be obtained upon petition supported by affidavit.
2. Whether such an action may be maintained by one who was not a party to the action in which the judgment was rendered, is not determined.
3. The question of laches in asserting title to land which had been taken for public use, somewhat considered.

APPEALS from the County Court of *Milwaukee* County.

During the year 1880 the city of *Milwaukee*, by due proceedings, condemned to the public use lot 5, block 165, in the Second ward of that city, for the extension of a public park. Damages were awarded to the owner of the lot for such taking,— $3,400 for the ground, and $2,850 for the building thereon,— in all, $6,250. At that time the record title to such lot was in the defendant Louise Fenske, who was then, and still is, the wife of the plaintiff. Before the city had paid such damages an action was brought in the circuit court by the defendant *William Kluender*, and Louise Kluender, his mother, who claimed to be the owners of such lot, against Mrs. Fenske and the city, for the purpose of enforcing payment of such damages by the city to them. The action resulted in a judgment for the plaintiffs against the city for the amount of such damages and interest. That case was before this court three times on appeals. 53 Wis. 118; 57 Wis. 636; 59 Wis. 35. The present action was brought in the county court by the plaintiff, *Frederick William Fenske*, after judgment was rendered in the former suit (to which he was not a party), to annul such judgment, and to recover the same damages.

The averments of the complaint are briefly as follows: In 1866 one Ernst Weisfuss, commonly called Ernst Kluender, purchased the lot in question, paying therefor $700 or $800, and took a conveyance thereof to himself, which was duly recorded. He afterwards purchased a house for about $650, and moved it upon the lot. He, together with his mother, Louise Kluender, his step-father, Christian Kluender, and his sister, now Mrs. Fenske, occupied the premises. Ernst died in 1870, leaving a will, by which he devised the lot to his sister, Louise. The will was duly proved, and the lot assigned to her. She continued to occupy it with her mother. Christian Kluender died in 1871 intestate. The defendant *William Kluender* is the son of Christian and

Louise Kluender, and the half-brother of Mrs. Fenske. Previous to 1875 the plaintiff entered into negotiations for a marriage with his present wife, and to induce him to marry her, the defendant *William Kluender* stated to him that his sister owned the premises in question. In part in consideration of such representations the plaintiff married Louise in 1875, and continued to reside with her on the same premises. The lot was much below the established grade of the adjoining street, and required a large expenditure of money to fit it for residence purposes, and Mrs. Fenske expended about $575 for street improvements. Being unable further to improve the lot, an arrangement was entered into between her and the plaintiff, by which, in 1876, she conveyed the premises (through a trustee) to her husband, in consideration whereof he expended thereon in improvements over $5,000, and repaid to his wife the sums previously expended by her. The plaintiff took such conveyance and made such expenditures in good faith, and without any knowledge or suspicion that there was any defect in his title to the lot, or any trust in favor of *William Kluender* or any other person affecting the title thereto.

The complaint then alleges the condemnation of the lot by the city, and that the city is ready and willing to pay the amount appraised to the owner thereof when such owner is ascertained. Also a general statement of the proceedings in the above-mentioned action of *Kluender v. The City of Milwaukee and Mrs. Fenske*, and the recovery of a judgment therein by the plaintiffs in November, 1882. It alleges the death of Mrs. Kluender in May, 1882, and denies the allegations contained in the complaint in the original action. It also alleges demand of the city by the plaintiff for said money, and the refusal of the city to pay the same. It is further alleged that the deeds of 1876, under which the plaintiff held the title to the lot, "were placed in the hands of an attorney, retained by his said wife in said action, from

whom this plaintiff understood that they had no legal effect," but that he ascertained in June, 1882, that they were valid conveyances. These deeds were not recorded until November 23, 1882.

The demand for judgment is as follows: "The plaintiff therefore demands judgment that the defendants herein be perpetually enjoined from paying over the said money, proceeds of said property, to the defendant *William Kluender*, or to his attorneys or assigns, or to any or either of them, and that the judgment aforesaid by the said circuit court be declared invalid and of no effect as to the plaintiff, and that the city of *Milwaukee* may be adjudged to owe and pay the said proceeds to the plaintiff as the true owner of the said property condemned and taken by it as aforesaid; and that the defendant *William Kluender*, his attorneys, agents, and assigns, may be perpetually enjoined from enforcing his said judgment against the city of *Milwaukee*, and from collecting or attempting to collect from said city any part thereof."

Separate general demurrers to the complaint were interposed by the defendant *Kluender* and by the city. These appeals are from orders sustaining such demurrers.

*Winfield Smith*, for the appellant, contended, *inter alia*, that if the facts stated entitle the plaintiff to any relief, either legal or equitable, the complaint should not be dismissed because the plaintiff has asked for a judgment to which he is not entitled. The prayer for relief does not go to the jurisdiction of the court. And the fact that improper relief is prayed is not ground of demurrer. Bliss on Code Pl. §§ 159–162, 167, 417; *Cuff v. Dorland*, 55 Barb. 482; *Sternberger v. McGovern*, 56 N. Y. 12; *Emery v. Pease*, 20 id. 62; *Henderson v. Dickey*, 50 Mo. 161; *Sage v. McLaughlin*, 34 Wis. 550; *Brook v. Chappell*, id. 405; *Amory v. Amory*, 26 id. 161; *Supervisors of Iowa Co. v. M. P. R. R. Co.* 24 id. 93; *Leonard v. Rogan*, 20 id. 540; *Tewksbury v. Schulenberg*, 41 id. 592; *State ex rel. Mitchell v. Smith*, 14 id.

567; *Riemer v. Johnke*, 37 id. 258; *Connor v. Board*, 10 Minn. 439; *Metzner v. Baldwin*, 11 id. 150; *Kennedy v. M. & St. P. R'y Co.* 22 Wis. 589; *Strœbe v. Fehl*, id. 348; *Hopkins v. Gilman*, id. 481. The plaintiff, not having been a party, is not bound by the former judgment, but may aver and prove that the land was his and that the money awarded on the condemnation thereof belongs to him. A judgment which as against him controverts his title, would indeed stand in his way. Not so a judgment which establishes nothing against his title, but does locate and identify the proceeds of his property. *Adams v. Filer*, 7 Wis. 306; *Sexton v. Rhames*, 13 id. 99; *Whitney v. Brunette*, 15 id. 61; *Gelpeke v. M. & H. R. R. Co.* 11 id. 454; *Bean v. Fisher*, 14 id. 62; *Smith v. Milwaukee*, 18 id. 369; *Burhop v. Milwaukee*, id. 431; *S. C.* 20 id. 338; *McNaughton v. Thayer*, 17 id. 290; *Saveland v. Green*, 36 id. 612; *Rittispaugh v. Lewis*, 103 Pa. St. 1; *Raymond v. Richmond*, 78 N. Y. 354; *Hunt v. Haven*, 52 N. H. 169, and cases cited. The fund created out of the plaintiff's property is claimed by the defendant *William Kluender*, and is about to be seized by him under the judgment fraudulently procured by him. A trust is thereby created in plaintiff's favor attaching to that fund, which he may properly enforce in equity. 2 Pomeroy's Eq. Jur. secs. 1047–8, 1053; 1 Spence's Eq. Jur. 511, 513; 2 id. 194, 253; 1 Story's Eq. Jur. secs. 1254–59, 1265, 1275; 3 Wait's Act. & Def. 139, 140, 732, 733.

For the respondent *William Kluender* there was a brief by *Flanders & Bottum*, and oral argument by *Mr. Flanders*.

For the respondent *The City of Milwaukee* the cause was submitted on the brief of *Robt. Luscombe*, City Attorney, and *Joshua Stark*, of counsel.

LYON, J. The original action of *Kluender v. City of Milwaukee and Mrs. Fenske* was brought in the circuit court to

enforce an alleged resulting trust in the lot condemned by the city, and resulted in the establishment of such trust in favor of the plaintiffs. It was, therefore, an action in equity. Had the present plaintiff been a party to that action, this would be an action to review and annul the judgment therein. A bill of review is in the nature of a writ of error, and its object is to procure an examination and alteration or reversal of a decree made upon a former bill. Story's Eq. Pl. § 403. If the plaintiff can maintain an action of this nature at all (a proposition not here decided) such action must be governed by the same rules applicable to bills of review. One of these rules is that the bill must always be filed in the court which rendered the decree or judgment sought to be reviewed. Another is that leave to file the bill must first be obtained from that court upon petition supported by affidavit. *Parish v. Marvin*, 15 Wis. 247, and cases there cited. In this case there has been no compliance with either of the above rules. No leave to commence the action has been obtained, and it was not brought in the court which rendered the judgment sought to be reviewed. Hence the county court had no jurisdiction to entertain the action. It was stated on the argument that the county court sustained the demurrers on this ground. We are satisfied that the court ruled correctly.

It was claimed in argument that the complaint shows on its face that the plaintiff was guilty of such laches in asserting his claim to the lot, and the money awarded therefor, that he is now estopped from asserting it. There is much force in this argument. By his own showing the plaintiff obtained an absolute title to the lot in 1876, by good and sufficient conveyances, and on the faith thereof expended several thousands of dollars in improving the property. The only fact that he alleges tending to raise doubt in his mind of the validity of his title is that the conveyances were placed in the hands of his wife's attorney, and he under-

stood from such attorney that they had no legal effect. He does not aver that he retained an attorney to advise him on the subject, or that his wife's attorney ever examined the conveyances, or was ever requested to do so, or was advised of the facts upon which the plaintiff's claim of title rested. It is incredible that the mere casual suggestion of an attorney, throwing doubt upon his title, made under·such circumstances, could have led the defendant to believe that he had no title to the lot. Especially is this so, when it is considered that up to that time he relied implicitly upon the validity of his title, and expended large sums of money in improvements upon the faith of it.

He must have known of the condemnation proceedings in 1880, and of the commencement and prosecution of the action by the Kluenders — mother and son — against his wife, and yet he remained passive, probably until after final judgment had been rendered in their favor in that action. True, the complaint alleges that he gave notice to the city of his claim, and also that he desired and applied to be made a party to that action. But when he gave such notice, or when he so applied, or to whom, the complaint does not inform us. It does inform us, however, that he ascertained in June, 1882, that the conveyances of the lot to him were valid, yet he did not record those conveyances until five months later. We do not say that the allegations of this complaint convict the plaintiff of such laches as would defeat an action properly brought to recover the condemnation moneys, but we suggest that, if another action be brought in the circuit court, the facts excusing his delay should be stated with more definiteness and certainty than they are in the present complaint.

Were we to take cognizance of all the statements of fact made by the learned counsel in their arguments, we should be compelled, upon well-settled rules of law, to hold that the plaintiff is estopped by his laches to maintain an action

like this. Were we to take cognizance of the facts which have come to our knowledge on the appeals in the original action, we are not sure but we should be compelled to the same conclusion; but, with the foregoing observations, which it was deemed proper to make, we leave the question of laches undetermined, and decide these appeals on the grounds first above stated.

*By the Court.*— The orders of the county court are affirmed.