# Richmond.

GRIFFIN v. BIRKHEAD.

MARCH 15th, 1888.

*Lacy, J., not sitting.

1. JURISDICTION—*Another suit pending.*—Two courts cannot at same time entertain suits concerning same subject-matter and adjudicate the rights thereto of same parties. The court first acquiring a concurrent jurisdiction, retains it to the exclusion of another.

2. HUSBAND AND WIFE—*Separate estates—Fraud—Case at bar.*—Wife acquiring separate estate in land in 1830, *indirectly* conveys it to her husband, who died in 1858. In 1881, party claiming by descent from the wife, sues to annul the conveyance as void by reason of undue influence and fraud, whereof there is no evidence save what might be inferred from the conjugal relation and the idea that the husband was *implied* trustee of said separate estate:

HELD:

   Neither such relation nor idea of implied trustee can raise presumption of fraud; in the absence of proof whereof such conveyance is valid. *Shepperson* v. *Shepperson,* 2 Gratt., 504. And after such lapse of time and death of grantee, party comes too late, even if he had a clear case for relief. *Carr* v. *Chapman,* 5 Leigh, 178.

Appeal from decree of circuit court of York county, rendered November 18, 1882, in the suit wherein J. Birkhead and others were complainants and Robert G. Griffin and others were defendants. The decree being adverse to said complainants they appealed here. Opinion states the case.

---

* The case was before him as circuit judge.

*O. G. Kean, Johnston, Williams & Boulware,* and *J. A. Cabell,* for the appellants.

*R. T. Armistead* and *Joseph Christian,* for the appellees.

FAUNTLEROY, J., delivered the opinion of the court.

This suit was for partition of certain lands which had belonged to Elizabeth Macauley, who, dying in 1830, devised the said lands to her two children, Patrick Macauley and Helen Macauley, which latter married, in the lifetime of her said mother, Robert Anderson. On the 15th day of February, 1830, the will of Elizabeth Macauley was duly probated and admitted to record in the county court of York county; and on the 19th day of April, 1830, Robert Anderson, the son-in-law of the said testatrix, who was named in her said will as one of the executors thereof, and one of the objects of her bounty, qualified as executor of the said will.

By this will, Helen M. Anderson had invested in her a separate estate, subject to her own control and absolute power of disposition, in her lifetime, or by will, or deed in the nature of a will. By deed of the 27th of March, 1830, Helen M. Anderson united with her husband, Robert Anderson, in conveying, for the consideration of one dollar, to Patrick Macauley, his heirs and assigns, all the right, title, and interest of the said Helen M. Anderson in and to all the real and personal estate, of every kind whatever, which was conveyed or bequeathed to the said Helen M. Anderson by the last will and testament of Elizabeth Macauley, deceased, etc.; and, by deed of the same date, the said Patrick Macauley, for the consideration of five dollars, conveyed all the said property, real and personal, to Robert Anderson. And the said partition suit was brought to divide the said lands of Elizabeth Macauley between those entitled under Patrick Macauley and those entitled under Robert Anderson. The said real estate in the

said suit mentioned was divided between the said parties in interest, and the division was approved and confirmed by the court in 1872.

A suit was brought by the creditors of Robert Anderson, after his death in 1858, in the chancery court of the city of Richmond, for the administration of the estate of the said Robert Anderson; and the said chancery court of the city of Richmond ordered the sale, among other parcels of real estate left by Robert Anderson, of the lands which had been allotted to his devisees in the said partition suit for the division of the Macauley lands, and appointed its commissioners of sale, who advertised it for sale.

In this condition of things, in 1881, nine years after the said partition had been made and confirmed by the court, and after the chancery court of the city of Richmond had taken possession of the said land and was administering it as the assets of Robert Anderson's estate for the benefit of persons whom it had adjudged to be his creditors, Robert A. Bright presented to the circuit court of York county his petition to be allowed to become a party to the said partition suit, and praying that the said deeds of conveyance, made in 1830, from Robert Anderson and Helen M., his wife, to Patrick Macauley, and from Patrick Macauley to Robert Anderson, be set aside as fraudulent and as having been obtained by undue influence; and that the decree of 1872, allotting to Robert Anderson's devisees the interest in the land which, by the said deeds of 1830, had passed to Robert Anderson, be vacated, and that the same be decreed to him, the said Robert A. Bright, the grandson and heir at law of Helen M. Anderson through her daughter, his mother. In his said petition said Bright stated that the commissioners appointed by the decree of the chancery court of the city of Richmond to sell the lands, were proceeding to sell them, and he asked that they be enjoined; but said Bright did not make the said commissioners of sale parties to his said petition, nor the creditors of Robert Anderson, de-

ceased, at whose suit the chancery court of the city of Richmond was, as aforesaid, administering his real assets; nor did the circuit court of York county, on the said petition, remand the suit to rules, with directions that proper pleadings, with proper parties, be made up to try the grave charges of fraud, made in the said petition, against actors long since dead, in deeds made over a half a century before; but ordered summons to be issued against the devisees of the said Anderson to answer the said petition, not noticing the fact that two of them, viz., Nancy C. and Hannah T. Griffin, were married. The clerk issued the summonses against the parties named in the court's order, and not against the husbands of the said Hannah and Nancy, making the summonses returnable to rules, as if the case had been remanded to rules. There having been no appearance by the parties so summoned, the circuit court of York county, in May, 1882, and in November, 1882, pronounced the said deeds of March 27th, 1830, from Anderson and wife to Macauley and from Macauley to Anderson to be void and of none effect, fraudulent, and without any valuable consideration, and obtained by undue influence by said Robert Anderson, the executor of the said will of Elizabeth Macauley. And, by its said decrees, vacated the said deeds and so much of the decrees of 1872 in the said partition suit as ordered the allotment to the devisees of Robert Anderson of the lands conveyed to said Anderson by the said deeds of 1830, and appointed its commissioners to convey to the said Robert A. Bright the lands which had been, as aforesaid, allotted to the devisees of Robert Anderson, deceased. The appellants presented their petition to the said circuit court of York county, praying it to set aside its said decrees (under the statute, Code 1873, chap. 177, secs. 5, 6, page 1135); and tendered their demurrer and answer to Robert A. Bright's said petition, which were filed by leave of the said circuit court. And the said Robert A. Bright, joining in the said demurrer and replying to their said answer, the cause came on to a hearing November

18th, 1882, the said court overruled the demurrer and refused to set aside its said decree of May, 1882. From these two decrees this appeal is taken. We are of opinion that the demurrer should have been sustained and the petition of Bright dismissed, as, obviously, there was no necessity for the petitioner, Robert A. Bright, to invoke the jurisdiction of the circuit court of York county to try his title to lands which the chancery court of the city of Richmond had taken possession of, and, through its commissioners of sale, was selling for the benefit of other people; and the circuit court of York, without leave given to the said Bright by the said chancery court of Richmond city, was without jurisdiction over the said lands, already in the possession and jurisdiction of the said chancery court of the city of Richmond. Two courts, at one and the same time, cannot entertain suits over the same subject matter and adjudicate the rights of the same persons thereto contrary to the rule that there must not be a double investigation of the same matter. (*Wedderburn* v. *Wedderburn*, 2 Beav., 208, 17 English, Ch. Rep.

The circuit court erred in vacating and setting aside the deeds from Anderson and wife to Macauley, and from Macauley to Anderson, upon the ground as expressed in the decree complained of, that the said deeds are fraudulent, without any valuable consideration, and were obtained by undue influence by the said Robert Anderson, &c. The appellants, in their answer to the petition upon which the case was re-heard, flatly denied the allegation of fraud and undue influence; and there is not only no proof in the record to support the charge, but no attempt was made to prove it, though positively and emphatically denied in the answer. In the absence of proof, it will never be presumed, and certainly not in this case, when the averment is made in 1881, of fraud and undue influence in the procurement and execution of deeds made and delivered and duly recorded in 1830—fifty-one years from the date of the transaction, and after more than a half century's un-

murmuring acquiesence by all the actors and parties in interest, through more than two generations, who lived their day and have passed away leaving no trace or possibility of ascertaining the merits of the controversy. *Harrison* v. *Gibson*, 23 Gratt., 223, and the cases there cited.

Whatever may have been the original justice of the claim, after unreasonable delay in preferring it, and the great lapse of time and death of parties who only could tell anything about the transaction, the courts will not interfere. In the case of *Gregory* v. *Gregory*, (Cooper's Chancery Cases, 201) referred to with approbation by Judge Carr, in *Carr* v. *Chapman*, 5 Leigh, 178, where the bill was to set aside, a purchase of land made by *trustee* of the *cestui que trusts*, who were his brother's children, he being in possession and holding for them under their grandfather's will, until they should attain to full age, and the purchase being made, as it would appear, soon after they had attained to full age, the master of the rolls said it was a clear case for relief if the parties had come in time; but they had delayed for *eighteen* years, and their bill was dismissed. In the case under review, the delay was for *fifty-one* years after the execution, delivery, and recordation of the deeds, and twenty-four years after the death of Anderson, the grantee in the deeds; and the suit preferred, not by the party to the transaction, cognizant of its circumstances, nor by her children, but by one of her grandchildren who did not know, or even attempt to prove anything about it.

There is no proof of undue influence, or fraud, on Anderson's part to procure the deeds, nor was there ever a suggestion of it while he lived, for over fifty years, and while the cotemporaries of the transaction lived who could speak; and there is nothing in the fact that he was the husband of the grantor in the deeds, and that the subject of the grant was her separate estate, for which he was her implied trustee, which constitutes *per se*, evidence of imposition, fraud, or undue influence; nor is it material or indispensable that there should

have been a valuable consideration for the deeds, if, in truth, there was none. Judge Burks says in the *Bank of Greensboro* v. *Chambers*, 30 Gratt., 209: "it is the settled law of this State that a married woman is regarded in equity as the owner of her separate estate; and as a general rule, the *jus disponendi*, &c. As incident to this *jus disponendi*, she may charge such estate with the payment of her debts. She may charge it as principal or surety for her own benefit, or that of another. She may appropriate it to the payment of her husband's debts. *She may even give it to him* if she pleases, no improper influence being exerted over her." The mere fact that land is conveyed by husband and wife to a third person, and by that grantee is immediately re-conveyed to the husband, does not, of itself, raise a presumption of fraud, undue influence, or imposition on the part of the husband, or raise even a suspicion of such in the transaction, for the obvious reason that title to the wife's real estate can in no other way, be vested in the husband. *Shepperson* v. *Shepperson*, 2 Gratt., 501.

The circuit court erred in entertaining the petition of R. A. Bright, and in setting aside the deeds of 1830, and, for the reasons stated, the decrees complained of are erroneous, and they are reversed and annulled; and the case is remanded to the circuit court of York county, with instructions to dismiss the petition of R. A. Bright, the appellee, and to enter a decree reinstating the said deeds of 1830, which were vacated and set aside by the decrees complained of.

RICHARDSON, J., dissented.

DECREES REVERSED.