Gilbert v. Renner, *Appellant.*

1. **Jurisdiction** : EXCLUSIVE CONTROL BY COURTS OF THEIR OWN PRO-
CESS. The general rule is that every court has the exclusive control
of its own process, and no other court has the right to interfere
with it.

2. —— : ——. The circuit court has no jurisdiction of a motion
to set aside a sale made by the sheriff under a judgment of the
county court foreclosing a mortgage given to secure school moneys.

3. —— : EQUITY. The remedy against the sale is in equity.

*Appeal from Audrain Circuit Court.*—HON. ELIJAH
ROBINSON, Judge.

REVERSED.

*M. Y. Duncan* for appellant.

(1) The court erred in sustaining the motion and
setting aside the sale and cancelling defendant's deed.
The sheriff had full power and authority under the
school fund mortgage, and the order of the county court,
to levy upon, advertise, and sell the land set forth in the
school fund mortgage. R. S., 1879, secs. 7113, 3310,
3307 ; *Kelly v. Hurt,* 61 Mo. 463 ; *Hurt v. Kelly,* 43 Mo.
238. (2) The circuit court had no jurisdiction under
this motion over process from another court. *Nelson v.
Brown,* 23 Mo. 13 ; *Peters v. Elgin,* 11 Mo. 441 ; *Keyte
v. Plemmons,* 28 Mo. 105 ; *McDonough v. Tieman,* 17 Mo.
603 ; *Mellier v. Bartlett,* 89 Mo. 134. (3) The only remedy
was by bill in equity. *Hardin v. Vaughan,* 64 Mo. 588 ;
*Phillips v. Evans,* 64 Mo. 17. (4) Under section 7113,
Revised Statutes, 1879, the levy by the sheriff and the
advertisement were strictly proper. There was no aver-
ment in the motion of fraud or bad faith, either on the
part of the sheriff in making the sale, or the defendant

in buying at said sale, and even if there had been any irregularity or defect in the notice, defendant was unaffected by it, being an innocent purchaser. *Draper v. Bryson*, 17 Mo. 71 ; *Ladd v. Shippe*, 57 Mo. 530 ; *Curd v. Lackland*, 49 Mo. 454.  (5) The motion raised no point on the question of the inadequacy of price, and the court erred in admitting any evidence as to the value of the land, and the point is well settled by our Supreme Court that inadequacy of price is no ground for setting aside a sale otherwise fair and regular. *Hammond v. Scott*, 12 Mo. 80 ; *Parker v. Railroad*, 44 Mo. 421 ; *Meier v. Zelle*, 31 Mo. 331 ; *Beedle v. Mead*, 81 Mo. 307 ; *Holden v. Vaughan*, 64 Mo. 588 ; *Wine Co. v. Scholer*, 13 Mo. App. 349.

*W. W. Fry* for respondent.

(1) The document filed by appellant is not an abstract of the record, and for that reason the judgment should be affirmed. *Riordan v. Blenke*, 24 Mo. App. 357 ; *Woodward v. Hodge*, 24 Mo. App. 677.  (2) The circuit court was the only court that had jurisdiction under this motion over the proceedings under the order of sale by the sheriff. R. S., sec. 7113 ; *Kelly v. Hurt*, 61 Mo. 463 ; *Lincoln County v. McLelland*, 3 Mo. App. 312.  (3) The advertisement of the land was not as the law required.  The sheriff was authorized to "foreclose the mortgage." It was not advertised as a sale under the mortgage to satisfy the mortgage, but "by virtue of an execution" and to satisfy an execution against David J. Gilbert.  The advertisement of the sale was misleading. R. S., sec. 7110, 7111, 7113. Sales by trustees under mortgage must be made with precision.  *Powers v. Kueckhoff*, 41 Mo. 425 ; *Eitelgeorge v. Building Ass'n*, 69 Mo. 55 ; Jones on Mortgages, secs. 1821-1827.  (4) The purchase price for the land was grossly inadequate.  The sixty acres was

worth twenty-five dollars per acre and sold for four dollars per acre. For this cause the court set aside the sale and it was proper. *Wine Co. v. Scholer*, 85 Mo. 500 ; *Ray v. Stubbs*, 28 Mo. 35 ; *Nelson v. Brown*, 23 Mo. 13 ; *Downing v. Still*, 43 Mo. 321. The sale will be set aside on timely application for inadequacy of price alone. *Vail v. Jacobs*, 62 Mo. 130 ; *Stoffel v. Schoeder*, 62 Mo. 147. (5) The land should have been sold in parcels and not in mass. *Chesley v. Chesley*, 49 Mo. 540 ; *Carter v. Abshire*, 48 Mo..300 ; *Tatum v. Halleday*, 59 Mo. 422 ; *Chesley v. Chesley*, 54 Mo. 347.

NORTON, C. J.—This case is before us on defendant's appeal from a judgment of the circuit court of Audrain county sustaining plaintiff's motion to set aside a sheriff's sale of land made to defendant under an order of the county court of said county.

It appears that, in 1879, one David A. Gilbert executed a school fund mortgage to Audrain county on the land in question to secure the payment of certain school money borrowed by him, by the terms of which it was agreed that if default should be made in the payment of the principal or interest, or any part thereof, when the same should become due and payable, that the then acting sheriff should have power without suit, after advertising the property as therein provided, to sell and convey the same to the purchaser. It appears that said Gilbert, having made default in the payment of the debt secured by the mortgage, the county court of said county, on the eighth of May, 1885, after reciting in an order the mortgage, the land conveyed by it to secure the payment of school fund bond given by Gilbert, his default in its payment, ordered and directed the sheriff to foreclose said mortgage and sell the property conveyed by it for so much as would be necessary to pay the debt, interest, and cost. Under this order, the sheriff proceeded to advertise the property, and on the fifth of

June, 1885, sold the same at public vendue at the court-house door, during the sitting of the circuit court, to the defendant, and executed, acknowledged, and delivered him a deed to the land sold. The sheriff made report of sale under said order to the county court. On the twenty-fourth of June, 1885, plaintiff, C. A. Gilbert, a stranger to the proceeding in the county court, claiming to have bought twenty acres of the land of said D. I. Gilbert after his mortgage to the county, and previous to the sale made by the sheriff, filed his motion in the circuit court of Audrain county to set aside the sale and deed made to defendant, on various grounds not necessary under the view we take of the case to be stated.

This motion was resisted by defendant on the ground, among others, that the circuit court had no jurisdiction to hear the motion, as the sale was made under an order and judgment emanating from the county court. This point is well taken, under the ruling of this court in the case of *Mellier v. Bartlett*, 89 Mo. 134, where it is said the general rule is, that every court has the exclusive control over its own process and no other court has the right to interfere with or control it; that the sheriff of the county to which an execution is sent from the circuit court of another county is as to that writ the officer of the court from which the writ emanated.

Under the authority cited the judgment will be reversed, and if said sale is void, as alleged in the motion, and plaintiff is in possession of the land in controversy, as alleged, he will be remitted to his equitable action to remove the cloud cast upon his title by the deed made in virtue of such sale. All concur, except Ray, J., absent.