SAMUEL R. SANFORD v. MINNIE I. HAINES ET AL.

*Equity—Bill of review—Laches.*

1. A bill in the nature of a bill of review, not verified or accompanied by any sworn showing, should be dismissed by the court.

2. Under the rules, a bill of review should be filed within the time allowed for appealing, unless on newly-discovered evidence, or when there has been some reason that is satisfactory for the delay.

Appeal from Montcalm. (Smith, J.) Argued June 14, 1888. Decided June 22, 1888.

Bill in the nature of a bill of review. Defendants appeal. Decree reversed and bill dismissed. The facts are stated in the opinion.

*F. W. Cook,* for complainant.

*H. B. Fallass,* for defendants.

CAMPBELL, J. This is a bill the object of which is to get rid of a foreclosure decree, and of the sale under it, and to open the case on its merits, and allow complainant to redeem. It is in effect a bill in the nature of a bill of review, filed without leave and without security, as required by rule 101, and filed after a long delay. The bill is not sworn to, and is not accompanied by any sworn showing, without which no leave could properly be granted.

These would be sufficient reasons why it should not be sustained, and why the court below should have dismissed it. But on the facts alleged it is not sustainable.

It shows a mortgage executed in 1875, and foreclosed by chancery proceedings in 1876, when a decree was made, which is now claimed to have been for $50 too much. That amount would not, as a separate grievance, be enough to give chancery jurisdiction. It is claimed that this decree, although the parties all appeared, was taken without proper notice. But, as already stated, even this is not sworn to, and is not presumable. But, furthermore, this complainant knew of the decree soon after, and made no objection to it, and made or claims to have made a number of payments on it. In 1883 a chancery sale was made, and complainant claims that this was also without any notice except that usual on sales. No other personal notice is required by our practice.

The sale was confirmed, leaving a balance unpaid. No personal judgment has been sought for this balance, and none can be rendered without bringing him in directly, when he can set up any defenses which he has not forfeited.

He knew of this sale about a year after it was made, but does not claim to have made any objection to any one, or to have applied to the court for relief. This bill was not filed till April, 1886, about three years after the sale.

Under the rules, a bill of review should be filed within the time allowed for appealing, unless on newly-discovered evidence, or when there has been some reason that is satisfactory for the delay. Here the decree was acquiesced in six years, and that cannot fairly be disturbed. Two years elapsed after complainant knew of the sale, and no reason is given why he did not apply for relief within a reasonable time after he found it out. The time for

appealing might be a reasonable one, perhaps, within which to apply on facts as well known then as now. But this bill was not filed until that period had passed several times over. And not only is no excuse given, but no fact is sworn to at all.

The case has no foundation, and should have been dis-missed, which is now done, with costs of both courts; the decree being reversed.

SHERWOOD, C. J., CHAMPLIN and MORSE, JJ., con-curred. LONG, J., did not sit.