CARDINAL, Respondent, vs. EAU CLAIRE LUMBER COMPANY, imp., Appellant.

*December 6, 1889 — January 7, 1890.*

*Circuit courts: Jurisdiction.*

One circuit court in this state will not restrain the enforcement of a judgment rendered in another.

APPEAL from the Circuit Court for *Chippewa* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This is an appeal from an order overruling a demurrer to the complaint for want of jurisdiction. The complaint alleges, in effect, that December 7, 1875, the defendant the *Eau Claire Lumber Company* obtained a judgment against this plaintiff and one Cyrille Cardinal in the circuit court for Eau Claire county, and the same was at that time docketed therein, for the sum of $52.48; that December 27, 1888, a transcript of said judgment was filed in the office of the clerk of the circuit court for Chippewa county, and the same was docketed therein; that December 27, 1888, the said *Eau Claire Lumber Company* caused an execution to be issued, in due form of law, on said judgment, out of the circuit court for Eau Claire county, directed to the sheriff of Chippewa county, and delivered to Charles Revoir, sheriff of said last-named county, December 28, 1888; that December 30, 1888, the said sheriff, through his deputy, the defendant *Guyon*, levied upon the real estate in Chippewa Falls, Chippewa county, therein described, and which then was, and now is, owned by this plaintiff; that said sheriff, through said deputy, thereupon advertised said land to be sold February 16, 1889, at 10 o'clock in the forenoon of that day, and that the same would be sold unless restrained; that in the year 1877 the plaintiff paid to the *Eau Claire*

*Lumber Company* the amount of said judgment in full, and that said company thereupon agreed to satisfy the same of record, but had failed to do so, and had wrongfully issued said execution and wrongfully made said levy. The prayer is that said execution and levy be set aside and declared null and void; that said real estate be decreed to be clear and free from any incumbrance by reason of said judgment or levy; that the cloud upon the plaintiff's title by reason thereof be removed; that the said judgment be declared paid, satisfied, discharged, and void; and for an injunction.

For the appellant there was a brief by *Gores & Miner*, and oral argument by *J. C. Gores*.

For the respondent the cause was submitted on the brief of *Stafford & Connor*.

CASSODAY, J. If the judgment was in fact paid in 1877, as alleged, the plaintiff had a perfect remedy by motion in the circuit court for Eau Claire county. The statutes contemplate record entries of all payments, satisfactions, assignments, restorations of liens, etc., in the court where the judgment was rendered. Secs. 2902–2904, 2906–2908, 2910–2913, R. S. One circuit court in this state will not restrain the enforcement of a judgment, whether for legal or equitable relief, rendered in another circuit court. *Orient Ins. Co. v. Sloan*, 70 Wis. 611. This is on the theory that each court must be allowed to control its own process. *Endter v. Lennon*, 46 Wis. 299. In fact, one circuit court has no jurisdiction to open, review, set aside, or reverse the judgment of another circuit. *Coon v. Seymour*, 71 Wis. 340; *Fenske v. Kluender*, 61 Wis. 602; *Parish v. Marvin*, 15 Wis. 247.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded with directions to sustain the demurrer.