NORRIS G. DODGE v. NELSON W. NORTHROP.

*Equity practice—Bill of review.*

A bill in the nature of a bill of review is properly dismissed, on motion, unless filed under Chancery Rule No. 101 *(Sanford v. Haines,* 71 Mich. 116); and the order of dismissal is not a bar to further proceedings by the complainant under said rule.

Appeal from superior court of Grand Rapids. (Burlingame, J.) Argued February 26, 1891. Decided April 17, 1891.

Complainant appeals from an order striking his bill from the files and dismissing it. Affirmed. The facts are stated in the opinion.

*Frank L. Carpenter,* for complainant.

*Fallass & Swarthout (M. J. Smiley,* of counsel), for defendant.

GRANT, J. The bill in this cause was filed August 9,

1890. Its object is the partial annulment of a foreclosure decree rendered in the circuit court for the county of Kent, September 23, 1884. The bill is not verified, and is only signed by the complainant through his solicitor. It alleges that the foreclosure decree was void, because—

1. The defendant practiced fraud and dishonesty in that suit.

2. The affidavits for the order of publication were insufficient.

3. Order of publication does not purport to have been made by an officer having jurisdiction.

4. Proof of publication was not sufficient.

5. Notice of sale was not sufficient.

6. Defendant falsely stated the amount due, and obtained the decree too large.

The bill contains no statement of facts as a basis for the charge that the proceedings in the circuit court were irregular or void. Conclusions only are stated in the bill. The prayer of the bill is that said foreclosure decree, and the sale thereunder, be decreed to have been procured by illegal and fraudulent means, but that said decree and sale be ratified and confirmed as to certain lots which the defendant had sold after the confirmation of the sale under the decree; that the defendant account for rents and profits, sales of said lots, and certain other moneys claimed to have been paid by complainant; that the balance due and unpaid be fixed by the decree of the court, and a reasonable time fixed for the payment thereof; and that, in default of payment by complainant, the land be sold in parcels to satisfy the decree. Upon defendant's motion the court struck the bill from the files, and dismissed it. From this order complainant appeals.

This is clearly a bill in the nature of a bill of review. It cannot be called a bill to redeem, which is the appropriate remedy where the foreclosure is by advertisement.

A bill of review is one brought to have a decree of the court reviewed, altered, or reversed. Bouv. Law Dict. tit. "Bill of Review." Chancery Rule No. 101 provides that no such bill shall be filed—

"Without special leave of the court first obtained, nor unless the same is brought within the time allowed for bringing an appeal, except upon newly-discovered facts or evidence, unless upon reasons satisfactory to the court."

The only remedy open to the complainant is to proceed under this rule. The case is ruled by *Sanford v. Haines,* 71 Mich. 116.

The circuit court in which the decree was rendered had complete jurisdiction of the parties and the subject-matter, provided that the statutory proceedings as to non-resident defendants were complied with, and, as above stated, no facts are set forth in the bill showing any jurisdictional defects. The superior court of Grand Rapids has not supervisory or appellate jurisdiction over the court where the decree was rendered. Courts of concurrent jurisdiction cannot set aside or modify the orders and decrees of other courts of like jurisdiction. The order of the court below constitutes no bar to further proceedings by the complainant under rule 101.

The order is affirmed, with costs of both courts.

The other Justices concurred.