[No. 15518.  Department Two.—June 26, 1894.]

HERBERT R. HOUGHTON, RESPONDENT, v. ISAAC
TRUMBO, RESPONDENT, AND R. P. THOMAS, AP-
PELLANT.

APPEAL—BILL OF EXCEPTIONS OF CO-RESPONDENT.—A bill of exceptions
    prepared upon a motion for a new trial by a codefendant who is a
    respondent upon an appeal by another codefendant, and who has not
    appealed, cannot be used or considered upon the appeal taken by the other
    defendant.
ID.—UNAUTHENTICATED BILL OF EXCEPTIONS.—An unauthenticated bill of
    exceptions consisting entirely of specifications of error cannot be consid-
    ered.
ACTION FOR ACCOUNTING—BUSINESS TRANSACTIONS—PARTNERSHIP—IMMA-
    TERIAL VARIANCE.—In an action for an accounting of business transac-
    tions where each party asks for an accounting against the others of the
    business transactions set forth in the complaint, a judgment upon the
    accounting will not be reversed because it seems to contemplate that
    the relation between the parties was that of partnership, while the com-
    plaint states some facts inconsistent with the theory of partnership, if
    the evidence and the history of the trial does not appear in the record.
ID.—FINDINGS—STIPULATION—WAIVER.—Where findings are made upon an
    interlocutory decree for an accounting, and it is stipulated by the par-
    ties that findings other than those filed upon the rendition of the inter-
    locutory decree are waived, it cannot be objected upon appeal that the
    findings are not full enough.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.

The facts are stated in the opinion of the court.

*H. D. Talcott*, for Appellant.

*Thomas V. Cator*, for Respondent Herbert R. Houghton.

*Pierson & Mitchell*, for Respondent Isaac Trumbo.

McFARLAND, J.—This may be described, generally,
as an action for an accounting between plaintiff and
defendants, of matters growing out of business con-
nected with the property known as the Bijou Theater.
Defendant Trumbo filed a demurrer to the complaint,
which was overruled. He then filed an answer and also
a cross-complaint. Defendant Thomas did not demur,

but filed an answer and cross-complaint. Each of the defendants filed an answer to the other's cross-complaint. The judgment was rendered for plaintiff against Trumbo for a certain sum of money; against Thomas for a certain sum of money; and also in favor of Trumbo against Thomas for a certain sum of money. Thomas appeals from the judgment. He procured the case to be submitted upon his own points and authorities, because none had been filed by respondent within the time prescribed by the rules of this court.

There is no bill of exceptions or statement before us which we can consider. The defendant Trumbo made a motion for a new trial, and submitted a draft of a bill of exceptions to be used on *his* said motion, and on any appeal which *he* might take. The judge certified it in this language: "The foregoing bill of exceptions is hereby certified to be correct, and may be received as the engrossed bill of exceptions of the defendant and cross-complainant, Isaac Trumbo, on his motion for a new trial, and may also be used by him on any appeal that he may have taken or may hereafter take from the judgment and decree rendered herein." Trumbo has not appealed, and it does not appear whether or not his motion for a new trial was ever determined. The appellant Thomas has procured this bill of exceptions of Trumbo to be printed in the transcript; but it is quite evident that it cannot be considered. It was prepared and submitted by Trumbo alone and certified as his bill. There is not in it, from beginning to end, a single objection made by Thomas, or a single exception taken by him. He may have waived every point made by Trumbo and every exception which the latter took. If it had been intended to be, and had been, Thomas' bill of exceptions, to be used by him on any motion on appeal, the matter of the bill might have been materially different. He also prints on the last page of the transcript —after the stipulated certification thereof—what is called "Bill of Exceptions of Defendant and Cross-complainant and Appellant, R. P. Thomas," and consists entirely of

specifications of errors; but it is not certified or authenticated in any way whatever.

Leaving out of view all but the judgment-roll there is nothing to warrant a reversal of the judgment. The complaint is certainly good as against the general objection of want of facts, or of jurisdiction. Appellant contends that the judgment should be reversed because the judgment seems to contemplate that the relations between the parties was that of partnership while the complaint states some facts inconsistent with the theory of partnership. But the prayer of each party asks for an accounting against the others of the business transactions related in the complaint; and we have not a history of the trial before us, and cannot now know upon what theory it was conducted, what objections, if any, were interposed by appellant, or what defenses or points were made or waived. We cannot, therefore, reverse the judgment upon this point. Appellant also contends that the findings are not full enough. There were some findings at the time a certain interlocutory decree was rendered, but none at the time of the final judgment; and we find in the transcript a written stipulation of the parties " that findings other than those hithertofore signed and filed upon the rendition of the interlocutory decree be and the same are hereby waived." Indeed, the judgment looks very much like a *consent* judgment; although its character as such judgment is not quite so pronounced as to warrant us in granting respondent's motion to dismiss the appeal on that ground. But we see no reason for reversing the judgment.

The judgment is affirmed.

DE HAVEN, J., and FITZGERALD, J., concurred.