ELIZABETH LULL COCHRANE AND RICHARD SWAN
  LULL, v. J. WADE McDONALD, J. S. CALLEN
  MARIA A. BURTON, HENRY H. BURTON, ADMINIS-
  TRATOR OF THE ESTATE OF HENRY S. BURTON, DE-
  CEASED, ET AL.

[No. 44,368; decided Jan. 22, 1895.]

**Court—Exclusive Jurisdiction of First Court.**—When any court has
acquired jurisdiction of the parties to and the subject matter of an
action, whatever may be the nature of the proceedings or the subject
matter thereof, the jurisdiction thus acquired is exclusive, and no
other court of co-ordinate jurisdiction can, in any form, review, re-
verse, nullify, restrain, or in any way control any of the orders, judg-
ments, proceedings or process of the first court.

**Court—Exclusive Probate Jurisdiction.**—The superior court sitting
in probate has full jurisdiction to hear and determine every matter
necessary or proper in the proceeding.

**Court—Conclusiveness of Orders in Probate.**—All final orders or
judgments of the probate branch of the superior court in one county
are conclusive and binding upon all persons and upon all other courts
and tribunals, including the superior court of another county.

**Bill of Review—Court in Which must be Brought.**—A suit analogous
to a bill in the nature of a bill of review can be brought only in the
court wherein the judgment or order complained of was made or
rendered.

Suit in equity to set aside proceedings in probate. There
was a demurrer to the bill on the ground of want of equity
and of lack of jurisdiction.

W. J. Hunsaker, for the demurrer.

Joseph M. Nougues, contra.

COFFEY, J. This is a suit in equity brought by the plain-
tiffs as heirs at law of General Henry S. Burton, deceased, for
the purpose of having certain stipulations entered into be-
tween the plaintiffs, by their attorneys, J. S. Callen, Mrs. Mc-
Nealy, formerly Maggie Leach, and the other defendants, as
to certain proceedings in the superior court of the county of
San Diego in the matter of the estate of General Burton, and

the orders made by that court in pursuance of such stipulations, annulled and set aside; restoring the plaintiffs to the position in which they were before the making of such stipulations, and the entry of such orders; vacating and annulling all orders made by denying motions for a new trial, or withdrawing the same; enjoining the defendants, other than Dore and McNealy, from applying for or recovering payment of any sums allowed as counsel fees, administrator's commissions and widow's allowance; restraining Henry S. Burton, as administrator, from paying over to either of the defendants any portion of the money received by him from the sale of the Jamul Rancho, and for general relief.

The complaint, as grounds for equitable relief, alleges that the widow, administrator, and certain of the defendants, for the purpose of having exorbitant sums allowed as counsel fees, administrator's commissions, and family allowance, caused an appraisement to be filed in which the Rancho Jamul was fraudulently overvalued; that the superior court of San Diego county allowed excessive and unreasonable sums for attorney's fees; that, in pursuance of a fraudulent combination between the widow, administrator and certain of the defendants (one of whom was the attorney for the plaintiffs), the stipulations sought to be annulled were entered into; that the plaintiffs, although they did not prepare any bill of exceptions, or put themselves in a position to have the action of the court making the several allowances reviewed, have a right to the benefit of the proceedings taken for that purpose by Mrs. McNealy, formerly Maggie Leach.

The defendants other than Mrs. McNealy and Maurice Dore have filed amended demurrers assigning as grounds of demurrer that the complaint does not state facts sufficient to constitute a cause of action, and that this court has no jurisdiction of the subject matter of the action.

The superior court of San Diego county has exclusive jurisdiction of the administration of the Estate of Henry S. Burton, deceased: Code Civ. Proc., secs. 1294, 1295.

The superior court of San Diego county having acquired jurisdiction of the persons and subject matter thereof before the commencement of this action, the superior court of the

city and county of San Francisco has no jurisdiction to review, set aside, or enjoin any judgment, order or proceeding given, made, or had, by or in, the superior court of San Diego county in or about the administration of said estate.

It is a well-settled rule that when any court has acquired jurisdiction of the parties to, and subject matter of, an action, whether the subject matter be probate, law or equitable cognizance, or a special proceeding, the jurisdiction thus acquired is exclusive, and no other court, of co-ordinate jurisdiction only, can, in any form, review, reverse, nullify, restrain, or, in any way, control, any of the judgments, orders, proceedings, or process of the court first acquiring jurisdiction: Civ. Code, sec. 3423, subd. 1; Spelling on Extraordinary Relief, p. 96, note 2; High on Injunctions. sec. 265; Anthony v. Dunlap, 8 Cal. 26; Rickett v. Johnson, 8 Cal. 34; Revalk v. Kraemer, 8 Cal. 66-71, 68 Am. Dec. 304; Chipman v. Hibbard, 8 Cal. 268-271; Phelan v. Smith, 8 Cal. 521; Gorham v. Toomey, 9 Cal. 77; Uhlfelder v. Levy, 9 Cal. 608-614; Crowley v. Davis, 37 Cal. 268; Flaherty v. Kelly, 51 Cal. 145; Judson v. Porter, 51 Cal. 562; Wilson v. Baker, 64 Cal. 475, 2 Pac. 253; Brooks v. Delaplaine, 1 Md. Ch. Dec. 272 (351); Brown v. Wallace, 4 Gill & J. (Md.) 479-496; Withers v. Denmead, 22 Md. 135; Jenkins v. Simms, 45 Md. 532-537; Platto v. Deuster, 22 Wis. 460 (482); Orient Ins. Co. v. Sloane, 70 Wis. 611, 36 N. W. 388; Coon v. Seymour, 71 Wis. 340, 37 N. W. 243; Cardinal v. Eau Claire Lumber Co., 75 Wis. 427, 44 N. W. 761; Dodge v. Northrup, 85 Mich. 243, 48 N. W. 505; Griffin v. Birkhead, 84 Va. 612, 5 S. E. 685-687; Gilbert v. Renner, 95 Mo. 151, 7 S. W. 479; Bank v. Railroad Co., 28 Vt. 470-477; Stearns v. Stearns, 16 Mass. 170; Home Ins. Co. v. Howell, 24 N. J. Eq. 239; Mason v. Piggott, 11 Ill. 88; Peck v. Jenness, 7 How. 624, 12 L. Ed. 846; Randall v. Howard, 2 Black, 585, 17 L. Ed. 269-271; Taylor v. Taintor, 16 Wall. 370, 21 L. Ed. 290; Nougue v. Clapp, 101 U. S. 551, 25 L. Ed. 1026; Sharon v. Terry, 36 Fed. 337, 13 Saw. 387, 11 L. R. A. 572. See, also, Freeman on Judgments, 4th ed., sec. 118a, and the last paragraph of section 485; Guardianship of Danneker, 67 Cal. 643, 8 Pac. 514.

The superior court, while sitting in matters of probate, has full jurisdiction to hear and determine every matter neces-

sary or proper in the proceeding: In re Burton, 93 Cal.
464-465, 29 Pac. 36; Pennie v. Roach, 94 Cal. 521, 29 Pac.
956, 30 Pac. 106; Finnerty v. Pennie, 100 Cal. 404, 34 Pac.
869; In re Moore, 96 Cal. 522, 31 Pac. 584.

And all final judgments or orders of the superior court of
San Diego county are and will be conclusive and binding
upon all persons and all other courts and tribunals whatso-
ever: Sharon v. Sharon, 84 Cal. 430, 431, 23 Pac. 1100, and
authorities there cited.

This is a suit analogous to a bill in the nature of a bill of
review, and such a suit must always be brought in the court
in which the judgment or order complained of was made
or rendered: Story's Equity Pleading, sec. 403; Beach on
Modern Equity Practice, sec. 863, notes 2, 3 and 4; Hurt v.
Long, 90 Tenn. 445, 16 S. W. 968, 969; Fenske v. Kluender,
61 Wis. 602, 21 N. W. 796-798.

The superior court of San Diego county, in the exercise of
its probate jurisdiction, had full power and authority to
make every order complained of by the plaintiffs, and if such
orders were made in pursuance of stipulations or other acts
on the part of the attorney for the Lulls, in excess of his
powers as such attorney, the plaintiff either had actual
knowledge, or knowledge of facts from which constructive
knowledge of such acts on the part of their attorney is im-
puted to them, and within time sufficient to have enabled
them to move for relief under the provisions of section 473
of the Code of Civil Procedure, and failing in that, they can-
not be relieved in equity: Hope v. Jones, 24 Cal. 93, 94; Gur-
nee v. Maloney, 38 Cal. 87-89, 99 Am. Dec. 357; In re Grif-
fith, 84 Cal. 107-112, 23 Pac. 528, 24 Pac. 387; Dougherty v.
Bartlett, 100 Cal. 496-499, 35 Pac. 431; Wiggin v. Superior
Court, 68 Cal. 398, 9 Pac. 646; Tobelman v. Hildebrandt,
72 Cal. 313-316, 14 Pac. 20.

The complaint does not state facts sufficient to constitute a
cause of action, for the reason, among others, that, if the
prayer of the complaint were granted, the plaintiffs would not
be enabled thereby to present on appeal to the supreme court
the question which they seek to have reviewed. A court of
equity will not do, or attempt to do a vain thing. It will only
act where it can afford to the parties some substantial relief.

The complaint shows that the plaintiffs did not prepare a bill of exceptions, or otherwise put themselves in a position to have the action of the superior court reviewed upon appeal, but the complaint is framed upon the theory that the plaintiffs, but for the stipulation, would have been entitled to avail themselves of the use on appeal of the bill of exceptions presented by Mrs. McNealy. A recent decision of the supreme court of this state disposes of this theory of the plaintiffs adversely to their contention: Houghton v. Trumbo, 103 Cal. 239, 37 Pac. 152.

Demurrer sustained.

## Additional Observations.

The complaint, according to the allegations thereof, is grounded in fraud; and the fraud asked to be relieved against affects certain judicial proceedings, as well as various proceedings of the parties interested, had and taken in the matter of the estate of Henry S. Burton, deceased, the administration of which is still pending before the superior court of San Diego county, the proper and domiciliary forum for such administration.

The proceedings attacked in the complaint or bill are not alleged to be void on their face, or to have been made or had in the administration without jurisdiction in the court or in the premises; but the entire infirmity of the matters challenged rests upon certain acts of the administratrix as such and in her individual right as heir, and her attorneys, and the attorneys for the plaintiffs in this action.

The complaint is very voluminous, comprising over fifty typewritten pages, but the substance of it is that the widow of decedent willfully omitted from the records of the administration for a long period of time the fact of plaintiff's heirship; that after such heirship was entered in the records the said widow, who was also administratrix of the estate, did, with the confederation of her attorneys, conspire to have excessive sums allowed for family allowance and attorneys' fees for the purpose of procuring a sale of the decedent's property and rendering valueless the interest of the plaintiffs as heirs at law. It is alleged that an over-valuation of the estate was procured for the purpose of securing a large

family allowance and large attorneys' fees; that such purpose was successful and the allowances made were excessive.

It is also alleged that an attorney appeared in the estate on behalf of the plaintiffs here, under authority given through misleading statements and promises held out to the plaintiffs; but that subsequently the authority was in fact revoked (although such attorney continued to act concerning the interests of plaintiffs with their knowledge). It is further alleged that an order of sale of estate's property was made in the administration, and that certain others of the heirs at law, including plaintiff (through said attorney), appealed therefrom, and thereafter such appeal was dismissed by stipulation upon consideration of a modification of the order of sale, but that such agreed modification did not advantage these plaintiffs, but only the other heirs at law, who had appealed; in all of which matters the attorney representing the plaintiffs disregarded the interest of his clients and looked only to the procurement of an excessive allowance by the court in his own favor for attorneys' fees, which were established against the estate as an expense of administration. (The appearance of plaintiffs in person or by attorney in the administration was unnecessary to the jurisdiction therein; the court's decrees would be equally efficacious whether plaintiffs were known or unknown, or appeared or failed to appear.)

It is finally alleged that a sale of the estate's property is about to be proceeded with under the modified and amended order of sale, and that a vacation of such order and of the family allowance and allowances of attorneys' fees, and stipulation on appeal and all orders in the premises can be made without injury to the interests of the various parties as such interests existed previous to the doing of the aforesaid acts in the administration. The prayer of the complaint is in express terms that all such orders and acts in the administration be vacated, annulled and set aside, and the execution of the order of sale be prevented, and that if a sale be consummated, the fruits thereof be controlled by this action as against the administrator or other person interested in the estate to whom the same or any part may come, and for general relief.

The relief asked—and this is the entire and ultimate relief —concerns the administration of a decedent's estate, as to which not only is this court void of jurisdiction, but such jurisdiction is complete and existent in the superior court of San Diego county to the exclusion of every other tribunal, subject only to the ordinary review of the supreme court.

No other superior court of this state can interfere with the superior court of San Diego county in the administration of said estate, or of any act done, being done or to be done in the matter of such administration. This results from two principles: 1, That a court cannot restrain or interfere with the acts of another court of co-ordinate jurisdiction; 2. That the jurisdiction of the San Diego court is exclusive in the premises.

The first principle was settled before the codes, and has been adopted into them. (Civ. Code, sec. 3423, subd. 1, and Deering's note and citations; with sections 3384, 3420, 3421, 3422.) The second principle states itself and carries its own conclusion.

Both these principles were announced and followed by this department and judge in the matter of the estate of W. P. Fuller, deceased, against an injunction of another department issued in a civil action and running against an attorney appointed in the administration to represent minor heirs.

The bill in this case is directed against an administration of a decedent's estate, now pending—a judicial proceeding in fieri—but even if it were assumed or claimed to attack only judicial acts which had passed into judgment, and therefore as a suit to set aside or grant relief against a judgment upon the ground of fraud, still the conclusion must be the same. In the leading case of State v. McGlynn, 20 Cal. 233, 81 Am. Dec. 118 (affirmed in Broderick's Will, 21 Wall. 503, 22 L. Ed. 599), it was held that equity could not set aside a decree admitting a will to probate; the jurisdiction of the probate forum was special and exclusive, and the remedy of parties interested was confined to the probate law and jurisdiction (with the right of appeal when and where given). The language of the opinion and the reasons stated for the decision would apply to all decrees in probate (Crall

v. Poso Irr. Dist., 87 Cal. 140, 147, 148, 26 Pac. 797) and this case has been many times followed and referred to by our supreme court. In the case at bar we believe the reasoning of the McGlynn case particularly applicable from the fact that all the acts complained of in the bill here are peculiarly matter concerning the administration of the estate.

A distinction might be drawn between a decree in probate which confessedly concerns only the administration of the estate, and a decree which technically is a distribution of the estate, and therefore ex vi termini implies that the administration has been completed or satisfied. As to a decree of distribution it might be claimed that the ordinary rules as to judgments in other special proceedings and in civil actions should be applied as to which no opinion is necessary for the case. But as to matters purely of the administration—those various and numerous proceedings required to be had and adjudged as a part of the due administration and necessarily a condition precedent to a distribution—they pointedly illustrate the inherent exclusiveness of the jurisdiction and functions of probate tribunals, and would seem to forbid the suggestion that they could be treated like ordinary final judgments in civil actions. Indeed, if they could be so treated, the character of probate decrees as proceedings in rem binding on the whole world, would be destroyed.

Treating the bill (or that part of it which might be so claimed) as if it were one to set aside an ordinary judgment in personam, it cannot be said that the allegations clearly justify the exacting rule laid down in the leading case of United States v. Throckmorton, 98 U. S. 61, 25 L. Ed. 93, followed in our own recent case of Pico v. Cohn, 91 Cal. 129, 133-135, 25 Am. St. Rep. 159, 25 Pac. 970, 13 L. R. A. 336.