UHLFELDER et al. v. LEVY et al.

| 9 | 607 |
|---|---|
| 117 | 382 |

One Court cannot restrain by injunction the proceedings of another Court of co-ordinate jurisdiction.

Nor is the rule altered in a case where the suit in equity brings in other parties not included in the action at law sought to be enjoined.

The only exception to the rule is where the Court in which the action or proceeding is pending is unable, by reason of its jurisdiction, to afford the relief sought; where several fraudulent judgments are confessed in several Courts, it would not be necessary for a creditor to bring a different suit in each different Court.

So, where the provisions of the Code require the action to be tried in a particular county, there would be an exception, as the positive provision of the statute must be carried out.

It is the business of the plaintiff to show in his complaint that he comes within the exception.

It is a maxim not to be disregarded that general expressions, in every judicial opinion, are to be taken in connection with the case in which those opinions are used.

APPEAL from the District Court of the Tenth Judicial District, County of Yuba.

This was a bill in equity to set aside certain assignments of

property, and to compel a debtor to apply his property to the payment of plaintiffs' debt, and also for an injunction.

The complaint alleges that Davis Levy and others conspired with Barnard Levy to defraud the creditors of the former; that to accomplish this purpose, Davis Levy assigned a note he held against M. Kime to Bernard Levy; and the latter commenced suit upon the note in the District Court of Placer county, on the seventh of December, 1857; that an attachment was issued from said District Court to the sheriff of Butte county, and by him levied upon the property of Kime; that plaintiffs are creditors of Davis Levy, and commenced their suit against him in the District Court of Yuba county, on the eleventh day of December, 1857; that an attachment was issued to the sheriff of Butte, under which he garnisheed M. Kime and Bernard Levy, on the twenty-first of December, 1857. The bill in this case was filed in the District Court of Yuba, and the plaintiffs seek to restrain Bernard Levy from proceeding with his suit in the District Court of Placer. An injunction having been issued, was, on motion, dissolved, and the plaintiffs appealed from the order to this Court.

*Mesick and Swezy* for Appellants.

The Court erred in dissolving the injunction, on the ground that the action should have been commenced in Placer county, and the injunction granted by that Court. Heyneman *v.* Dannenburg, 6 Cal. R., 377–8–9; 3 Daniels Ch. Ple. and Prac., side pp. 1843, 1845–6–7–8–9, and notes and authorities referred to; 16 Barb. S. C. R., 543; 24 ib., 160; 6 Cal., 21; 6 ib., 452; 12 How. Pr. R., 355; Jordan *v.* Williams, 3 Rand., 501.

Cases referred to in argument—2 Page Ch. R., 26; 5 Sandford Sup'r Ct. R., 612; 1 Clark, 307, 309; Rickets et al. *v.* Johnson et al., 8 Cal. R., 34; Chipman & Aughenbaugh *v.* Hibbard et al., 8 Cal. R., 268; Phelan et al. *v.* Peter Smith, 8 Cal. R., 520; Anthony *v.* Dunlap, 8 Cal. R., 26; Revalk et al. *v.* Kramer et al., 8 Cal. R., 74.

We are aware that this Court has been holding, in a class of cases, that one Court of co-ordinate jurisdiction can not restrain the proceedings of another Court of the same jurisdiction. Phelan et al. *v.* Smith, 8 Cal., 520; citing the case of Rickets and wife *v.* Johnson, et al.

We have examined all the cases decided in this Court and find that they were cases where the same parties or their privies were litigating the same or substantially the same subject-matter. The case of Rickets et al. *v.* Johnson, was a case where the plaintiff in the last action sought to avoid a decree against them in another Court upon the same subject-matter, and between the same parties. So was the case of Grant *v.* Quick, 5 Sand., 612, referred to in the description of that case. The case of Anthony

*v.* Dunlap, 8 Cal., 26, was a case where the plaintiff sought to enjoin the execution of a judgment between the same parties upon the same subject-matter.

The case of Chipman & Aughenbaugh *v.* Hibbard and Emeric. 8 Cal., 268, was a case between the same parties and in respect to the same subject-matter.

The case of Phelan et al. *v.* Smith et al., was similar to the others.   There the same parties or their privies were seeking to litigate in a State Court the same subject-matter that had become a matter of cognizance in the United States Court.   The ruling of this Court in the last case was maintainable on a two-fold ground :

1. On the ground that a State Court could not enjoin the proceedings of a United States Court.

2. On the ground that another Court had the jurisdiction of the same parties and of the same subject-matter.

The last case decided by this Court, (Gorham *v.* Toomey, January Term, 1858,) was a case where the same parties, and their privies, sought to enjoin the proceedings of another Court upon the same subject-matters binding upon the same parties.

The other cases cited by respondents are of the same character, and are simply upon the right of a Court of one State or country to enjoin proceedings in a Court of another State or country.

We do not intend to deny that where one of several Courts of equal jurisdiction, even of the same State, has obtained jurisdiction of the same parties and of the subject-matter in litigation between them, another ought not to interfere.

Daniels, in his Chancery Pleading and Practice, vol. 3, side page 1845, says : " Ordinarily, where two Courts have a concurrent jurisdiction over the same thing, whichever Court was first possessed of the cause has a right to proceed with it and it can not be prohibited or restrained by any other."   But we do contend that where litigation is not between the same parties before the Court, nor of the same subject-matter, or where parties in one Court are proceeding so as to interfere with the action of another Court, then the parties may be restrained.   Any other doctrine would be productive of evil, and lead to mischief.

Daniels says, on the same page quoted from : " Injunctions will also be granted by the Court of Chancery to stay proceedings in other Courts of Justice as well as stay proceedings in Courts of Common Law ; and it sometimes grants them where the Court which it enjoins has an original jurisdiction concurrently with itself."

Story, in speaking of the concurrent jurisdiction of Courts of Equity, says : " A learned writer," referring to Eden on Injunctions, " whose work on this subject is in high estimation, has enumerated among the most ordinary objects of the remedial

writ of injunction the following : ' to stay proceedings in Courts at Law, or in Spiritual Courts, the Courts of Admiralty, or in some other Court of Equity.' " Story Eq. Jur., § 872.

Maddox, in his work on Chancery Practice, uses similar language. 1 Maddox Ch. Pr., 106.

From the above language it can not be doubted, that at common law, Courts of Equity had the power to enjoin parties from proceeding in other Courts of Equity of equal or concurrent jurisdiction.

The power to enjoin parties from enforcing the judgment and decrees of co-ordinate and superior jurisdiction, has been frequently exercised, and must still continue to be, when circumstances require it.

The Courts of Kentucky held, in the case of The Bank of Kentucky *v.* Hancock's Administrators, 6 Dana, 284, that a Circuit Court might, by injunction, restrain the enforcement of a mandate of the Court of Appeals, which had been obtained by fraud or surprise.    Also, see Hardin, 205.

A like opinion was held by the Lord Chancellors (Lord Cranworth and Lord Brougham) in the case of Shedden *v.* Patrick, 28 Eng. Com. Law and Eq., 62.

The District Courts of this State are Courts both of law and equity jurisdiction.   They are not restricted by the Constitution in their general original jurisdiction, and consequently take all the jurisdiction in cases in equity known to such Courts at common law.    The only restrictions at common law upon Equity Courts of concurrent jurisdiction, were those of a local and politic character ; their jurisdiction, in some instances, were restrained to particular districts, and in all cases they were upon principles of public policy subject to be divested of that possession upon its appearing that another Court of equal and co-ordinate powers had previously acquired control of the same parties and of the same subject-matter.    But they never hesitated to inquire into the validity of a decree of another Court upon the application of a third person who was likely to be affected thereby, or when such inquiry became necessary or incidental to proceedings pending before such Court.

In the case at bar, the appellants were not parties to the suit in the Placer District Court; they had commenced actions against Davis Levy, and by attachments issued therein, had acquired an equitable lien upon the indebtedness, and had a right to call upon the equity side of the Court, by whose process such lien was created to protect their equity as against the fraud of other parties, whether perpetrated by a fraudulent suit, judgment or otherwise.

In the case of Anthony *v.* Dunlap, 8 Cal., 26, the Court recognized the doctrine that one District Court could enjoin another, and, doubtless, upon the distinction we have named.    In that

case, the Court said: "We have before decided that one Court had no power to interfere with the judgment and decrees of another Court of concurrent jurisdiction. The only case in which it [such interference with the judgments and decrees of another Court of concurrent jurisdiction,] will be allowed, is where the Court in which the action or proceeding is pending, is unable, by reason of its jurisdiction, to afford the relief sought."

The case of Heyneman v. Dannenburg, 6 Cal., 377, was a case similar to the one at bar. There, Dannenburg had commenced an action in the Twelfth District Court against one Morris, upon a note for ten thousand dollars, and procured an attachment therein, to be issued to the sheriff of Yuba county, under which the property of Morris was attached. Heyneman and others, creditors of Morris, instituted suits for their respective claims against Morris, and in such suits had the same property attached which had been previously seized under Dannenburg's attachment. Discovering that Dannenburg's claim was fictitious, and created for the sole purpose of defrauding the just creditors of Morris, Heyneman and others instituted an action in the Fourth District Court, being their place of residence, against Dannenburg, Morris, and the sheriff of Yuba county, and alleged in their complaint such fraud, and their equitable lien upon Morris' property, and praying therein that the judgment of Dannenburg might be decreed void as to them, and that the proceeds of the property attached be applied to their claims according to their priority. The Fourth District Court granted an injunction, restraining the enforcement of the execution issued upon the Dannenburg judgment, and rendered a judgment making such injunction perpetual. This Court said, in that case:

"Fraud is one of the primary subjects of equity jurisdiction, and it is not to be supposed that a Court of Chancery would refuse to entertain jurisdiction in a case like the present, where the sole issue was one of fraud, and where, by such refusal, the fraud complained of would be most successfully consummated."

It will be necessary to refer to the record in the above case, in order to find the facts as we have stated them—the published report of the case is meager in some respects.

The distinction we have contended for is fully sustained by the decisions of the States of Texas and Kentucky, where the same Courts have jurisdiction in both law and equity.

In the case of Winnie v. Grayson, 3 Texas R., 429, an injunction was granted to restrain an execution issued upon a judgment of another Court.

In the case of Kitchen v. Crawford, 13 Texas Rep., 516, the Court held that one District Judge could, from his general powers under the Constitution, grant an injunction to restrain an execution issuing from and returnable to another district, notwithstanding the law required that such injunction-bill should be tried

in such other district. The same general powers possessed by the District Courts of Texas, in this respect, are conferred upon our Courts by § 6 of Art. VI of the State Constitution, and Art. 644 of Wood's Digest, p. 150.

The Court, in the State of Kentucky, where the Circuit Judges are Judges both at law and equity, have held the same doctrine laid down in Texas.

In Mason v. Chambers, 4 J. J. Marshall, 402 and 406, the Court declared the unqualified power in a Court of co-ordinate jurisdiction, unless denied by statute restriction, to enjoin the enforcement of a judgment of another Court of equal powers.

The principles laid down in this case are sound law, and tally with all of our notions of equity jurisdiction or equity practice. It probably is not applicable to the practice of New York, where they hold, that between the same parties, all defences, of both law and equity, must be made to the action at law, and that equitable defences can not be presented in a separate action, even in the same Court. The Courts of that State hold :

"That the defendant, who has an equitable defence to an action, being now authorized to interpose it by answer, is bound so to do, and shall not be permitted to bring a separate action merely for the purpose of restraining the prosecution of another action pending in the same Court." Winfield v. Bacon, 24 Barbour's Rep., 160 ; Foot v. Sprague, 12 Howard Prac. Rep., 355.

But, in this State, a different rule prevails. In Lorraine v. Long, 6 Cal., 453, the Court says : "Although a party may set up all equitable defences to an action at law, his remedy is not confined to that proceeding. He may let the judgment go at law, and file his bill in equity for relief."

In Kentucky, where the law says the defendant "may set forth in his answer as many grounds of defence and counterclaims, whether legal or equitable, as he shall have," the Courts have held, "there is nothing, however, contained in the Code which precludes him, if he fails to avail himself of this privilege, and permits a judgment to go against him, from bringing an equitable action to obtain relief against the judgment." Dorsay v. Reese, 14 B. Monroe Rep., 157.

In this State, the Code of Procedure does not use the word equitable as does the Kentucky Code. The language of our Code is : " The defendant may set forth as many defences and counterclaims as he may have." Wood's Digest, Art. 783, p. 173.

If, then, in the State of Kentucky, the Courts hold that a judgment at law in one county can be enjoined in an equitable action between the same parties, brought in another county or district, except when prohibited by positive statute, we can see no reason against the adoption of the same rule in this State, since we have no law directory on this subject.

If the judgment-debtor was required, as in New York, to set

up all his equitable defences to the action at law, then there would be some plausibility in the doctrine as held in New York by Judge Duer.

*Reardon, Mitchell, and Smith,* for Respondents.

To the second point made by appellants, we answer, that the ruling of the Court was proper, and that the injunction was rightfully dissolved, because the complaint showed that Bernard Levy, one of the defendants, had commenced an action in the District Court of Placer county, in the Eleventh District, against M. Kime, also one of the defendants in this action, upon a promissory note for $2,600, executed by Kime to Davis Levy, and by him transferred to Bernard Levy; had issued an attachment to the sheriff of Butte county, who, thereunder, had attached the property of Kime; that the object and necessary effect of the injunction was to restrain the defendant Bernard Levy, from prosecuting his suit in the District Court of Placer county, and to prevent the sheriff of Butte county from executing any process of the said Court that might be issued in the action.

The plaintiff having shown these facts, by his complaint, the Court correctly held that the injunction was improperly issued from the District Court of Yuba; that the plaintiff's seeking to annul and avoid the judgment and process of the District Court of Placer county, should have applied to that Court for relief.

This case is precisely in point with Rickett and Wife v. Johnson et al., 8 Cal., 34; Chipman et al v. Hibbard, 8 Cal., 268; Phelan et al. v. Peter Smith et al., 8 Cal., 520; and, also, with Grant v. Quick, 5 Sandford, 613.

We have carefully examined the authorities cited by counsel for the appellants, but have not been able to discover that a single one bears upon the question at issue, except such as are directly in point against the position they assume.

In Heyneman v. Dannenburg 6 Cal., 377, the point did not arise, was not discussed, or considered. In 3 Daniel Ch. Plead. and Practice, the points relied upon by appellants' counsel, are not applicable to this case, except note two, on side page 1847, at the bottom of the note, which makes for the respondents.

The cases in 16 Barb., 543; 24 Barb., 160; 6 Cal., 21 and 452; 12 Howard Prac. R., 355; and 3 Rand, 501, referred to by counsel for appellants, we suppose have been inserted in their brief by mistake, inasmuch as we can not see that they relate, in any manner, to the question now before the Court.

Relying upon the decisions of this Court before referred to, and also upon Grant v. Quick, 5 Sandford; 2 Story's Equity Jur., § 900; Mead v. Merritt, 2 Paige, 402; Bicknell v. Field, 8 Paige, pp. 440–5; Mitchell v. Bunch, 2 Paige, 606; Wilson v. Robertson, 1 Tenn., 266; we confidently submit that the order of the Court below, dissolving the injunction, was properly made.

The rule, as declared in the decisions we have cited, is now too well settled, and the reason of the rule too apparent, to require from us any argument in its support.

BURNETT, J., after stating the facts, delivered the opinion of the Court—TERRY, C. J., concurring.

The rule established by repeated decisions of this Court is not controverted by the learned counsel of plaintiffs. But they insist that this case is clearly distinguishable from the cases of Ricketts and Wife v. Johnson and others, 8 Cal. R., 34, and Anthony v. Dunlap, 8 Cal. R., 26. It is contended that as those cases are between the *same* persons who were parties to the former suit, those decisions can not apply to this case, in which *new* parties are brought in, who could not have set up the same matters in the suit between Bernard Levy and Kime, because these plaintiffs could not intervene in this case.

But we conceive that this circumstance can make no difference in the application of the true principle on which the decisions, in those cases, were predicated. Those decisions are not based upon the personal rights of parties, which, of course, they can waive, but upon the rights of Courts of co-ordinate jurisdiction. The *power* of one District Court to restrain proceedings in another, in cases where as *adequate* relief can be *as well* had in the Court in which the proceedings are pending, is denied by the former decisions of this Court. If, therefore, a bill was filed in the District Court of Sacramento, to restrain proceedings in the District Court of Yuba, in a case where the latter Court could as well give the relief sought, the former Court, of its own motion, should dismiss the bill.

In the case of Ricketts and Wife v. Johnson and others, we said :

" In the present case, the plaintiffs could obtain the most ample relief in the Court whose proceedings they wished to restrain; and there was no reason for seeking another tribunal possessing only the same powers."

So, in the case of Anthony v. Dunlap :

" The only case in which it will be allowed is where the Court in which the action or proceeding is pending is unable, by reason of its jurisdiction, to afford the relief sought."

In the opinion of Judge Duer, (5 Sand., 612,) the true reason of the rule is given. This decision in Sandford is referred to and confirmed in 24 Barbour, 160.

It is true that there may be exceptions to the *general* rule, that one District Court cannot restrain the proceedings of another. A case not coming within the reason of the rule, would not come within the rule itself. The reason of the old rule having ceased, the rule ceased; and the new rule came into existence because of the existence of the new reason. Where

the new reason does not exist to sustain the new rule, the new rule, by the very nature of its terms, must also cease.    The same fraudulent debtor might confess different fraudulent judgments in different judicial districts.    It would not then be necessary for the creditors to bring a different suit in each different Court. So, too, in cases where the provisions of the Code require the action to be tried in a particular county, there would be an exception.    Of course, a positive provision of the statute, requiring the suit to be brought in a particular county, must be carried out.

There would seem to be no serious difficulty in practically applying the rule.    It is true that the language of the former opinions of this Court is broad and general.    But this language must be construed with reference to the reason and facts of the cases.

"It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those opinions are used." (Ch. J. Marshall, in 6 Whea., 399 ; see, also, 15 Mo. Rep., 433.)

It is insisted by the counsel of plaintiff, that there is nothing in the bill to show that any of the parties reside in Placer county, and that it can not, therefore, be pretended that the action could be tried there.    But to this, it may well be replied, that there is nothing to show affirmatively that plaintiffs could not as readily obtain all the relief sought, had they brought this suit in the Court whose proceedings they wished to restrain.    It was the business of the plaintiffs to show, upon the face of their bill, that they were entitled to proceed in the District Court of Yuba, to restrain the proceedings of the District Court of Placer.    The circumstances, if any, giving this right, should have been by them affirmatively alleged.

We can see no sufficient reason for this proceeding, and think the Court below was right in dissolving the injunction.    It is clear, that as full, ample, and speedy relief could have been had in Placer, as in Yuba.    We know of no former decisions of this Court in conflict with the view we have taken.    The decision of this Court in the case of English and Hooper *v.* Subock, (4 Cal. R., 31,) referred to by the counsel in the case of Toombs *v.* Gorham, is not opposed to the view we have taken, but is an authority to support it.    In that case, the Court in which the *first* suit was brought, issued an injunction restraining the defendant from proceeding at law.    *After* the issue and service of the injunction, the defendant in the first suit proceeded to sue in a different Court, of co-ordinate jurisdiction.    The Court in which the second suit was brought disregarded the injunction issued in the first, and this was held by this Court to be error.    The same principle sustains the decision in the case of Ricketts and Wife *v.* Johnson, and of Anthony *v.* Dunlap.

Judgment affirmed.