# CATHARINE CROWLEY *v.* HENRY L. DAVIS AND CHARLES HENDRICKS.

RESTRAINING EXECUTION OF JUDGMENT.—Under our judicial system, one Court has no power to enjoin the execution of a decree of another Court of co-ordinate jurisdiction, unless it plainly appears that the Court rendering the decree under which proceedings are sought to be stayed is unable, by reason of its jurisdiction, to afford the relief sought.  Proceedings for such purpose should always be instituted in the Court rendering the judgment or decree the execution of which is sought to be restrained.

IDEM.—The fact that the parties to the injunction proceeding are not the same as the parties to the judgment sought to be restrained, does not relieve the case from the operation of the rule, nor will the consent of parties take a case out from the operation of this rule, which was established and enforced to protect the rights of Courts rather than of parties, to avoid conflict of jurisdiction, and to prevent confusion and delay in the administration of justice.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

This was an action to perpetually enjoin the execution of a judgment, recovered in the Fourth District Court, by defendant Hendricks, against Daniel Crowley, since deceased, the then husband of the plaintiff, by which judgment a tract of land within the City and County of San Francisco, then and ever since claimed by the plaintiff to be her homestead, was decreed subject to a lien and ordered to be sold for the payment of a street assessment, ascertained thereby to be due and owing to the plaintiff in that action.  Defendant Davis was the Sheriff of said city and county, and

under an order of sale issued on said judgment was about proceeding to execute the same.

The plaintiff had judgment, and the defendants appealed on the judgment roll.

*R. P. & Jabish Clement*, for Appellants.

*James Mee*, for Respondent.

By the Court, SPRAGUE, J.:

This action was brought in the Fifteenth District Court to perpetually enjoin a sale of certain real estate about to be made under and by virtue of a judgment and decree of the Fourth District Court establishing a lien upon the premises, and ordering the sale of the specific premises to satisfy the same. It is well settled by numerous decisions of this Court, that under our judicial system one Court has no power to enjoin the execution of a decree of another Court of co-ordinate jurisdiction unless it plainly appear that the Court rendering the judgment or decree, under which proceedings are sought to be stayed "is unable by reason of its jurisdiction to afford the relief sought." (*Anthony* v. *Dunlap*, 8 Cal. 27; *Rickett* v. *Johnson*, 8 Cal. 35; *Chipman* v. *Hibbard*, 8 Cal. 270; *Gorham* v. *Toomey*, 9 Cal. 77; *Uhlfelder* v. *Levy*, 9 Cal. 614; *Hockstacker* v. *Levy*, 11 Cal. 76; *Grant* v. *Quick*, 5 Sandf. 612.) The fact that the parties to the injunction proceeding are not the same as the parties to the judgment or decree sought to be enjoined, does not relieve the case from the operation of the rule, nor can the consent of parties change the rule, or relax its binding force in any particular case. It is not established and enforced so much to protect the rights of parties as to protect the rights of Courts of co-ordinate jurisdiction to avoid conflict of jurisdiction, confusion and delay in the administration of justice, (*Revalk* v. *Kraemer*, 8 Cal. 71; *Uhlfelder* v. *Levy*, 9 Cal. 614,) hence, under our system, it does not occur to us that a state of

facts could exist where it would be proper or allowable for one District Court to attempt to restrain the execution of a judgment or decree of another District Court. Proceedings for such purpose should always be instituted in the Court rendering the judgment or decree, and having control of its execution. No facts or circumstances appear in this case tending to release it from the rule, or to raise even a plausible doubt but that complete and adequate relief could be obtained in the Fourth District Court, which had control of the execution of the decree of sale sought to be enjoined.

The case of *Pixley* v. *Huggins*, 15 Cal. 134, relied upon by respondent, does not oppose or tend to modify the rule as above stated. In that case an action was commenced in the Twelfth District Court to enjoin the sale of certain real estate, which had been levied upon and advertised for sale by virtue of an execution issued from the Fifth District Court upon a simple money judgment therein rendered. The execution was against the property of the judgment debtors generally, and the suit was not for the purpose of enjoining such execution, but to enjoin the sale of certain property upon which it had been wrongfully levied, the same being, as alleged, the property of the plaintiff, and not the property of the judgment debtors. There is a marked distinction between a proceeding to stay the acts of an officer, not authorized by the process under which he assumes to act, and a proceeding to stay or suspend the vital force and direct commands of such process. The former seeks to confine the officer within the limits of the authority conferred by his writ; the latter seeks to stay and nullify its direct commands. An execution upon a simple money judgment commands the officer to whom it is directed to levy upon and make the amount of the judgment out of the property of the judgment debtors, and does not direct a levy upon and sale of any specific property, whereas a decretal order of sale directs a sale of specific property. Of the latter character is the final process of the Fourth District Court, which this proceeding in the Fifteenth District Court seeks to nullify

by a perpetual stay of its enforcement, hence the important and marked distinction between the present case and that of *Pixley* v. *Huggins.*

This point not only disposes of this appeal but of the case itself, hence it is unnecessary for us to consider any other question presented by the record.

The judgment is reversed, and the Court below directed to dismiss the action, and remittitur directed to issue forthwith.