WILLIAM BECK, APPELLANT, v. W. Y. FRANSHAM ET AL., RESPONDENTS.

[Submitted May 3, 1898. Decided May 9, 1898.]

*Injunctions Against Judgment—Remedy at Law.*

1. Where a judgment debtor appeals from the judgment, and his appeal is dismissed because of his neglect to have the sureties on the undertaking on appeal justify within the time allowed by law, an injunction to prevent a sale of property under an execution issued upon the judgment is properly refused.
2. One court will not enjoin the enforcement of the execution issued upon a judgment of another court of concurrent jurisdiction, unless the latter court for lack of jurisdiction, cannot grant the relief desired.

*Appeal from District Court, Gallatin County; F. K. Armstrong, Judge.*

ACTION by William Beck against W. Y. Fransham and others. From an order dissolving a temporary restraining order, plaintiff appeals. Affirmed.

Statement of the case by the justice delivering the opinion.

Injunction. Plaintiff prayed the district court of the Ninth judicial district to enjoin defendants from selling certain property of plaintiff situate in Gallatin county, pursuant to

the terms of an execution issued in favor of defendants, and against plaintiff, by the district court of the Sixth judicial district, in and for Carbon county, in the action of *Beck* v. *O' Connor*, reported *ante*, p 109, 53 Pac. 94. In his complaint, filed July 1, 1897, plaintiff sets forth that in said action of *Beck* v. *O' Connor*, his motion for a new trial having been overruled, he perfected his appeal to the supreme court by filing the requisite notice and undertaking, and also filed a *supersedeas* bond to stay proceedings in said cause in double the amount of said judgment, with costs, and filed the transcript of said cause with the clerk of the supreme court, but that, notwithstanding his appeal to the supreme court, the clerk of the district court of Carbon county, in the Sixth judicial district, without authority of law, did issue a pretended execution directed to the sheriff of Gallatin county in the Ninth judicial district, requiring him to make the sum due on the said judgment out of the property of plaintiff in Gallatin county, and that, in pursuance thereof, defendant Fransham, as sheriff, levied upon certain property of plaintiff in Gallatin county, and was about to sell the same.

On July 1, 1897, Judge Armstrong, presiding judge of the Ninth judicial district, issued a temporary restraining order, and an order to show cause, making the same returnable August 2d. On July 17th the matter was heard by Judge Armstrong, and defendants' motion to dissolve the temporary order was sustained; and further proceedings were stayed for five days, to allow plaintiff to file a bond in the sum of $800, and, upon filing said bond, the injunction was to be continued in force. Plaintiff did not give the bond last referred to, and appeals from the order of the district court dissolving the temporary restraining order.

*J. L. Staats*, for Appellant.

*Sidney Fox* and *A. J. Campbell*, for Respondents.

HUNT, J. The order of the lower court dissolving the temporary restraining order must be affirmed on two grounds:

First. The appellant here, who was the plaintiff in the action entitled "*Beck* v. *O'Connor*," had a perfectly plain, speedy, and adequate remedy at law by appeal from the judgment and order denying his motion for a new trial in that suit, and by executing a written undertaking, with two or more sureties, to the effect that they were bound in double the amount named in the judgment or order appealed from and costs. (Code of Civil Procedure, § 1726.) But, as appears by the records of this court, it was held that appellant was guilty of *laches* in his appeal in that action by failing to have the sureties on the appeal bond justify within twenty days after exceptions to their sufficiency had been duly filed by the respondents here, defendants in the action referred to. Appellant subsequently moved this court, by motion filed June 14, 1897, for leave to file a new undertaking on appeal in said suit, and to permit a justification of the sureties thereon before this court, and to stay proceedings upon the judgment rendered in that suit by the district court of the Sixth judicial district in and for Carbon county, pending the determination of the appeal by this court. Counsel for appellant and respondents in that action filed briefs upon that motion, and thereafter, on July 10, 1897, we denied the plaintiff's motion to file a new undertaking. This order was, in effect, a refusal to permit execution to be stayed. Such being the condition of the case, plaintiff's omission to comply with the law in respect to his undertaking in the suit of *Beck* v. *O'Connor* cannot be cured by the aid of a court of equity in enjoining the levy of execution issued in that case.

High on Injunctions (Section 173), in discussing the general doctrine denying relief by injunction against the enforcement of a judgment, says: "And upon this point the rule is well established that courts of equity will not lend their aid, by injunction, against the enforcement of judgments when a sufficient remedy exists by appeal or writ of *certiorari* to revise the proceedings at law. A plain, adequate and specific remedy existing by appeal, he who is dissatisfied with a judgment must pursue that remedy, and will be denied relief by injunc-

tion when no sufficient reason is shown why the remedy at law is not pursued."

Second. It is well established that one court is without power to interfere with the judgments or injunction orders of another court of concurrent jurisdiction, unless it may be the court in which the suit is pending cannot, for lack of jurisdiction, grant the relief desired. The following authorities are in point: *Crowley* v. *Davis*, 37 Cal. 268; *Anthony* v. *Dunlap*, 8 Cal. 26; *Scott* v. *Runner* (Ind.) 44 N. E. 755; Works on Jurisdiction, p. 69; Beach on Injunctions, § 648.

The appellant having presented no case for injunction, the lower court correctly dissolved the temporary order.

*Affirmed.*

PEMBERTON, C. J., and PIGOTT, J., concur.