ESTATE OF IGLESIAS v. BOLÍVAR.

APPEAL from the District Court of San Juan, Section 1.

No. 56.—Decided December 20, 1906.

INJUNCTION—APPEAL.—An order of an inferior court granting or dissolving an injunction, or refusing to grant or annul or dissolve an injunction, is appealable to the Supreme Court.

ID.—SUSPENSION OF JUDICIAL PROCEEDINGS.—Where a party has a right to an injunction to secure the suspension of judicial proceedings he must exercise such right before the court having cognizance of the proceedings the suspension whereof is sought, because that court having absolute jurisdiction of the case is in a position to do complete justice and secure the rights of the parties perhaps without the necessity of issuing an injunction.

ID.—An injunction will not issue to suspend judicial proceedings pending at the time of the commencement of the action wherein the injunction is sought, unless it tends to avoid a multiplicity of such proceedings.

ID.—IRREPARABLE INJURY.—From a petition for injunction it must appear that, in case the injunction should be refused, the petitioner would suffer irreparable injury, and where, from the petition, it does not so appear the same should be denied.

ID.—ORDINARY, SPEEDY AND ADEQUATE REMEDY.—The writ of injunction will not issue where plaintiffs have an ordinary, speedy and adequate remedy at law, but where a party for any reason has not taken the proper steps to secure his rights, he should show the reason for such failure, and that he was not in fault through neglect or otherwise.

ID.—CASES IN WHICH PETITIONER MAY AVOID DAMAGES.—The writ of injunction will not issue where the plaintiff or petitioner is in a position to avoid the injury sought to be repaired by exercising any of the rights or remedies which might be proper in the premises.

The facts are stated in the opinion.

Mr. López Landrón for appellant.

Mr. Texidor for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

The plaintiff in this case applied to the District Court of San Juan for an injunction restraining the defendant from proceeding to the collection of a mortgage of $20,000, alleging that he, the plaintiff, had secured an attachment upon the said mortgage for the sum of $1,500, and that the other property of the defendant had been levied upon in other cases,

leaving this mortgage as the only valuable resource from which to secure his judgment. A rule to show cause was issued, and the parties appeared by counsel and presented the case to the district court. That court on the 7th day of May, 1906, made the following order, to wit:

"In this case prayer is made for an injunction against Gorgonio Bolívar enjoining him from continuing the prosecution of judicial proceedings in the District Court of Humacao for the collection from the Sucesión Villá a mortgage credit amounting to $12,000, because the petitioner has obtained an attachment on said credit for the sum of $1,500.

"In compliance with an order of this court for a rule to show cause, an appearance was made by both parties in open court, through their counsel, Gorgonio Bolívar opposing the issuance of the writ, and the petitioner urging his claims.

"The court has examined the petition and the arguments of the parties, and finds that the petition seeks to stay a judicial proceeding prosecuted in the District Court of Humacao, it not being the object of the same to prevent a multiplicity of suits, but to recover on an attachment obtained for $1,500. Section 4 of the Law on Injunctions at present in force in its first paragraph prevents the issuance of the writ in this case, and the argument advanced in opposition to this proposition that the order is not prayed to be issued against the court, but against the defendant therein is untenable, since the effect would be the same—that is to say, the suspension of the said proceedings.

"Moreover, the petitioner has a remedy at law without resorting to extraordinary remedies, because if the said petitioner entered the attachment in the register of property, the effectiveness thereof is guaranteed, and if the entry was not made such failure is petitioner's fault and will prevent petitioner from obtaining the remedy sought.

"For these reasons the court is of opinion that the facts and the law are against the petition for injunction, and the same should be denied with costs to the petitioner."

From this order the plaintiffs took an appeal in due time, and filed the record with the secretary of this court. The case came on to be heard on the 1st of November on written briefs and argument of counsel, and was taken under advisement for later decision.

Counsel for the appellant cites as authority the first seven sections of the Injunction Law passed on the 1st of March, 1902, and the Code of Civil Procedure, paragraph 3 of section 295. The Injunction Law cited has been repealed and replaced by the Act of the 8th of March, 1906. See session acts 1906, page 86 *et seq.* The paragraph from the Code of Civil Procedure cited gives appeals from orders of the district court; from an order granting or dissolving an injunction and from an order refusing to grant or dissolve an injunction. There is no question that an appeal lies in this case to this court, and the legal proposition presented must be decided under the Injunction Law of 1906, and not that of 1902 cited by the appellant.

The appellee cites as authority to sustain his position sections 1, 3 and 4 of the Injunction Law, March 8, 1906. See session acts of 1906, page 86 *et seq.*, and the Mortgage Law of Porto Rico, sections 42 and 71, and particularly paragraph 2 of the former section. He also cites the following California cases, to wit: *Revolk* v. *Kraemer*, 8 Cal., 66; *Uhlfelder* v. *Levy*, 9 Cal., 608; *Flaherty* v. *Kelly*, 51 Cal., 145; *De Witt* v. *Hays*, 2 Cal., 469; *Robinson* v. *Gaar*, 6 Cal., 275. He also refers to Pomeroy's Digest of the Code of Civil Procedure of California, page 290, and cases there cited.

The first proposition which presents itself for our consideration is the power of one district court to enjoin proceedings in another court of coordinate jurisdiction, this petition for injunction being presented to the District Court of San Juan, and the foreclosure of the mortgage being taken under the authority and direction of the District Court of Humacao. Under the jurisprudence of California, proceedings of this nature were required to be instituted in the court rendering the judgment or decree, the execution of which is sought to be restrained, or in the court where the proceedings were in progress. Reference may be made to sustain this proposition to the cases of *Crowley* v. *Davis*, 37 Cal., 268; *Hockstaker* v. *Levy*, 11 Cal., 76; *Uhlfelder* v. *Levy*, 9 Cal.,

615; *Gorham* v. *Toomey,* 9 Cal., 77; *Chipman* v. *Hibbard,* 8 Cal., 270; *Rickett* v. *Johnson,* 8 Cal., 35; *Revolk* v. *Kraemer,* 8 Cal., 71.

Mr. Justice Sprague, in the case of *Crowley* v. *Davis,* above cited, says:

"The fact that the parties to the injunction proceeding are not the same as the parties to the judgment or decree sought to be enjoined, does not relieve the case from the operation of the rule, or relax its binding force in any particular case. It is not established and enforced so much to protect the rights of parties as to protect the rights of courts to coordinate jurisdiction, to avoid conflict of jurisdiction, confusion and delay in the administration of justice. Hence, under our system it does not occur to us that a state of facts could exist where it would be proper or allowable for one district court to attempt to restrain the execution of a judgment or decree of another district court. Proceedings for such purpose should always be instituted in the court rendering the judgment or decree, and having control of its execution. No facts or circumstances appear in this case tending to release it from the rule, or to raise even a plausible doubt that complete and adequate relief could be obtained in the Fourth District Court, which had control of the execution of the decree of sale sought to be enjoined."

We believe that this principle has peculiar application to the case at bar. If the plaintiffs were entitled to an injunction they should have applied for the same to the District Court of Humacao; but possibly it would not have been necessary for that court to grant an injunction, it having the power to do complete justice and to regulate the enforcement of the mortgage sale in such a way as to secure the rights of the plaintiffs to the extent of the $1,500, which was the amount of the attachment. Besides, our statute expressly says that an injunction cannot be granted to stay a judicial proceeding at the commencement of the action in which the judgment is demanded unless such suit is to prevent a multiplicity of such proceedings. There is nothing in the petition for injunction to show that this is the object sought to be attained. There

was no multiplicity of proceedings, such as are so denominated in contemplation of the statute. There is a suit pending for rent which is on appeal to this court, and there is a proceedings. There is nothing in the petition for injunction collection of a mortgage. In the suit for rent an attachment has been issued and levied on the mortgage for a small part of the proceeds. A multiplicity of proceedings is in no wise likely to arise from this state of facts. Then under the decisions, as well as under our statute, the court below would have been justified on this point alone in refusing the injunction applied for by the plaintiffs.

But the petition also fails to show that there would be any irreparable damage in case the injunction should be refused. This must necessarily appear before that extraordinary writ can be resorted to. And a third reason is that the plaintiffs have a speedy, complete and adequate remedy at law, by noting the attachment upon the register of property, and thereby guaranteeing its collection in case of a sale under the mortgage. This can be done under section 42 of the Mortgage Law, and under section 71 the means is pointed out whereby such entry can be made effective. It is presumed that the plaintiff has taken this proper step to secure his rights in the premises. If he has not done so for any reason, he should in making a proper petition for injunction show the reason for such failure and that he was not in fault through neglect or otherwise. The fact that the plaintiff has a speedy and adequate remedy at law is sufficient reason for denying the injunction. Reference may be made to the following California cases: *Robinson* v. *Gaar,* 6 Cal., 274; *Spring Valley W. W.* v. *Bartlet,* 63 Cal., 245; *Bucknall* v. *Story,* 36 Cal., 71; *De Witt* v. *Hays,* 2 Cal., 469; *Hager* v. *Shindler,* 29 Cal., 55; *Trinity County* v. *McCammon,* 25 Cal., 180.

It has further been decided in California that where a plaintiff can avoid loss by his own act, as in the case of a transferee of stock still standing in the name of the transferer, where such transferee seeks to enjoin the sale of the

stock as belonging to the transferer, that an injunction will not be granted. In the case at bar plaintiff, the Sucesión de Iglesias, can avoid loss, or could have done so by their own act in having their attachment noted on the register of property, and thus the California decision last quoted is applicable to the facts presented here.

Under section 8 of our Injunction Law, session acts 1906, page 88, it is enacted that:

"In all actions in which an injunction or restraining order is applied for, if it be made to appear to the court that the plaintiff is entitled to the injunction, but that the issuance thereof pending the litigation will entail great damage upon the defendant, and that plaintiff can be fully compensated for such damage as he may suffer, the court may refuse the injunction upon the defendant giving a bond, and upon the trial the same proceedings shall be had, and with the same effect."

It is possible that had this injunction been properly applied for to the District Court of Humacao, where the proceedings sought to be restrained are pending, that the court might have made such order as indicated in this section requiring the defendant to give bond to secure plaintiff the payment of his $1,500 secured by the attachment. However that proceeding is not presented in the case at bar, and needs no further comment on our part.

For the reasons indicated herein the order of the district court refusing the injunction should be affirmed.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández, Figueras and Wolf concurred.