BENÍTEZ, PLAINTIFF AND APPELLANT, *v.* PORTELA ET AL., DEFENDANTS AND APPELLEES.

Appeal from the District Court of Humacao in an Injunction Proceeding.

No. 2038.—Decided December 9, 1919.

INJUNCTION—JURISDICTION.—The only court with jurisdiction to issue a writ of injunction to stay the execution of a judgment or decree is the court before which the proceeding sought to be stayed is being prosecuted.

The facts are stated in the opinion.

*Mr. Francisco González* for the appellant.

*Messrs. José Martínez Dávila* and *Luis Llorens Torres* for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On March 4, 1919, the plaintiff-appellant, José J. Benítez, filed in the District Court of Humacao a petition for an injunction against the defendant-appellees, Manuel Portela,

José A. Díaz and Rafael Más, marshal of said court, alleging the following facts which are essential and pertinent to the decision of the issue involved in this appeal:

That by a deed of June 12, 1918, the Marshal of the District Court of Humacao, Rafael Más, in representation of Enriqueta Longpré, a co-owner of the farm "Piedra Hueca" situated in the municipality of Vieques, sold to defendant José A. Díaz her undivided interest in the said property for the lump sum of $5,550.

That on June 20, 1918, the plaintiff, as a co-owner in the said property, brought an action for redemption in the District Court of Humacao against José A. Díaz, depositing the purchase price and the amount of the costs of the contract for the purpose of being subrogated in lieu of the vendee, José A. Díaz. The case was tried on January 20, 1919, and is pending judgment.

That on September 3, 1918, plaintiff José J. Benítez brought an action in the District Court of Humacao against José A. Díaz to recover the sum of $2,500, with costs, disbursements and attorney fees, and on September 6, 1918, the marshal of the said court, in compliance with an order of the court, levied an attachment on the $5,550 deposited in the action for redemption and the said action of debt is pending trial.

That on September 18, 1918, the Marshal of the District Court of Humacao, in compliance with an order of the District Court of San Juan entered in an action of debt by Manuel Portela against José A. Díaz, levied on, as the property of the latter, the undivided interest in the farm "Piedra Hueca" to which the action for redemption refers, the marshal of the court of Humacao having set the 4th of March, 1919, for the sale at public auction of the interest so levied on.

That if the sale should be made the plaintiff would be obliged to bring several actions against the purchaser of the undivided interest in question in order to make effective the

judgment in the action for redemption, which would cause him damages not easily ascertainable, aside from the fact that no compensation would give the plaintiff adequate relief because the sale would affect his right to acquire the interest which J. A. Díaz purchased in the property "Piedra Hueca."

That the action of debt by Manuel Portela against José A. Díaz is simulated and the result of collusion between them for the purpose of obstructing the two actions of José J. Benítez against José A. Díaz, but that even supposing that the debt claimed by Portela from Díaz is lawful, Portela could recover it because Díaz has properties sufficient to make it effective, and that the plaintiff has no other adequate, speedy and efficient remedy to prevent the acts of the defendants, because no action that he could bring would reinstate him in his rights.

The prayer of the complaint is for judgment that the defendants refrain from further proceeding for the sale of the interest in the property "Piedra Hueca" until the final determination of the two actions by José J. Benítez against José A. Díaz, one for redemption and the other of debt.

Defendants Manuel Portela and José A. Díaz, by separate counsel, answered the complaint and both demurred on the grounds that it did not state facts sufficient to constitute the cause of action and that the court had no jurisdiction to grant the injunction.

By a judgment of May 9, 1919, the court sustained the demurrer on the ground of lack of jurisdiction and accordingly denied the petition for an injunction, setting aside the restraining order entered on March 4, 1919, without prejudice to the right of the plaintiff, if he be so advised, to bring an injunction proceeding in the same court which rendered the judgment whose execution is sought to be stayed, the plaintiff to pay the costs. This appeal is from that judgment.

The question of lack of jurisdiction in the District Court of Humacao to grant the injunction sought is not new but was considered and decided by this court in *Estate of Igle-*

*sias* v. *Bolívar*, 11 P. R. R. 548. We then said that, according to the jurisprudence of California, injunction proceedings must be instituted in the court rendering the judgment or decree whose execution is sought to be stayed, or in the court before which the proceeding is being prosecuted, and in support of that doctrine we cited the cases of *Crowley* v. *Davis*, 37 Cal. 268; *Hockstacker* v. *Levy*, 11 Cal. 76; *Uhlfelder* v. *Levy*, 9 Cal. 615; *Gorham* v. *Toomey*, 9 Cal. 77; *Chipman* v. *Hibbard*, 8 Cal. 270; *Rickett* v. *Johnson*, 8 Cal. 35; and *Revalk* v. *Kraemer*, 8 Cal. 71. And the purpose of that rule, as said by Mr. Justice Sprague in *Crowley* v. *Davis*, is not so much to protect the rights of parties as to protect the rights of courts of coordinate jurisdiction, to avoid conflict of jurisdiction, confusion and delay in the administration of justice.

And before disposing of the case of *Estate of Iglesias* v. *Bolívar*, *supra*, we held in the case of *The Bonnie Fruit Co.* v. *Dávila et al.*, 7 P. R. R. 430, that an application for an injunction to stay proceedings is a proceeding incidental or collateral to the main suit, and it is a rule of procedure that he who passes upon what is principal must pass upon what is accessory or incidental.

As the action for an injunction was brought in the District Court of Humacao to stay proceedings ordered by the District Court of San Juan in an action of debt by Manuel Portela against José A. Díaz, to which the petition for the injunction was incidental, we are of the opinion that the District Court of Humacao acted correctly in refusing to grant the injunction sought on the ground of lack of jurisdiction.

The judgment appealed from must be

*Affirmed.*

Justices del Toro and Aldrey concurred.

Justices Wolf and Hutchison took no part in the decision of this case.