BENÍTEZ, DEMANDANTE Y APELANTE, *v.* PORTELA ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa sobre *injunction.*

No. 2038.—Resuelto en diciembre 9, 1919.

INJUNCTION—JURISDICCIÓN—SUSPENSIÓN DE PROCEDIMIENTOS JUDICIALES.—Solamente tiene jurisdicción para expedir un auto de *injunction* suspendiendo la ejecución de una sentencia o decreto judicial, la misma corte que estuviera conociendo del procedimiento que se trata de suspender.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Francisco González.*

Abogados del apelado: *Sr. José Martínez Dávila* y *Luis Llorens Torres.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En 4 de marzo de 1919 el demandante apelante José J. Benítez radicó en la Corte de Distrito de Humacao una demanda de *injunction* contra los demandados apelados Manuel Portela, José A. Díaz y Rafael Mas, marshal de aquella corte, alegando los siguientes hechos que son los esenciales y pertinentes a la decisión de la cuestión legal envuelta en el recurso:

Que por escritura pública de 12 de junio de 1918, el marshal de la Corte de Distrito de Humacao, Rafael Mas, en representación de Enriqueta Longpré, condueña de la estancia "Piedra Hueca," que se describe, radicada en el término municipal de Vieques, vendió al demandado José A. Díaz la participación indivisa que a aquélla correspondía en la finca descrita, por precio alzado de $5,550.

Que el demandante como condueño de la expresada estancia radicó en 20 de junio de 1918 en la Corte de Distrito de Humacao demanda de retracto legal contra José A. Díaz, consignando el precio de la venta y el importe de los gastos del contrato para subrogarse en lugar del comprador José A. Díaz, y habiéndose celebrado el correspondiente juicio en 20 de enero de 1919 se encuentra pendiente de fallo.

Que en 3 de septiembre de 1918 el demandante José J. Benítez radicó en la Corte de Distrito de Humacao una demanda contra José A. Díaz en cobro de la suma de $2,500 con costas, desembolsos y honorarios de abogado, y el marshal de dicha corte, cumpliendo orden de la misma embargó en 6 de septiembre de 1918 para aseguramiento de la sentencia los $5,550 consignados en el pleito de retracto, encontrándose aquella acción en cobro de dólares pendiente de la celebración del juicio.

Que en 18 de septiembre de 1918 el marshal de la Corte de Distrito de Humacao, en cumplimiento de una orden de la Corte de Distrito de San Juan, librada en pleito de Manuel Portela contra José A. Díaz en cobro de dinero, embargó como de la propiedad de éste la participación indivisa en la finca "Piedra Hueca" a que se refiere el pleito de re-

tracto, habiendo señalado el marshal de la corte de Humacao el día 4 de marzo de 1919 para la venta en pública subasta de la participación embargada.

Que si se verifica la subasta ordenada tendría el demandante que establecer diversos procedimientos contra la persona que adquiriera la participación indivisa de que se trata, a fin de que resultara eficaz la sentencia que recayera en el pleito de retracto, lo cual le irrogaría perjuicios que no podrían estimarse fácilmente, aparte de que cualquier compensación no habría de proporcionarle remedio adecuado pues con la venta se violaría un derecho que tiene el demandante a adquirir la participación en la finca "Piedra Hueca" que compró J. A. Díaz.

Que la acción de Manuel Portela contra José A. Díaz en cobro de dinero, es simulada y el resultado de una colusión entre ambos con el propósito de entorpecer las dos acciones que sigue José J. Benítez contra José A. Díaz, pero que aun en el supuesto de que la deuda reclamada por Portela a Díaz fuera legítima, Portela podría cobrarla por tener Díaz bienes suficientes para hacerla efectiva; y que el demandante carece de todo remedio en ley adecuado, rápido y eficaz para evitar las actuaciones de los demandados, pues cualquier acción que interpusiera no le proporcionaría la restauración de sus derechos.

La demanda concluye con la súplica de que se dicte sentencia ordenando que los demandados se abstengan de continuar cualquier procedimiento para llevar a efecto la venta de la participación de la finca "Piedra Hueca" hasta que terminen definitivamente los dos pleitos que sigue José J. Benítez contra José A. Díaz sobre retracto y cobro de dinero.

Los demandados Manuel Portela y José A. Díaz, bajo distinta dirección profesional, contestaron la demanda y ambos opusieron a ella las excepciones previas de que no aduce hechos bastantes para determinar la causa de acción que se ejercita y que la corte no tiene jurisdicción para expedir el *injunction* solicitado.

La corte, por sentencia de 9 de mayo de 1919, declaró con lugar la excepción previa de falta de jurisdicción, y en su consecuencia desestimó la solicitud de *injunction*, anulando la orden de entredicho dictada en 4 de marzo de 1919, sin perjuicio de que el demandante establezca si conviene a su derecho el procedimiento de *injunction* ante la misma corte que dictó la sentencia cuya ejecución se trata de suspender, con las costas a cargo del demandante, cuya sentencia ha sido apelada por el demandante para ante esta Corte Suprema.

La cuestión levantada sobre falta de jurisdicción de la Corte de Distrito de Humacao para expedir el *injunction* solicitado no es nueva y antes de ahora ha sido considerada y resuelta por esta Corte Suprema en el caso de *Sucn. Iglesias v. Bolívar,* 11 D. P. R. 571. Entonces dijimos que con arreglo a la jurisprudencia de California era necesario entablar los procedimientos de *injunction* en la corte que dictara la sentencia o decreto cuya ejecución se tratara de suspender o en la corte en que se siguieran dichos procedimientos; y para sostener esa doctrina nos referimos a los casos de *Crowley v. Davis,* 37 Cal. 268; *Hockstacker v. Levy,* 11 Cal. 76; *Uhlfelder v. Levy,* 9 Cal. 615; *Gorham v. Toomey,* 9 Cal. 77; *Chipman v. Hibbard,* 8 Cal. 270; *Rickett v. Johnson,* 8 Cal. 35; y *Revalk v. Kraemer,* 8 Cal. 71. Y el fin de dicha regla, como dijo el Juez Sr. Sprague en el caso de *Crowley v. Davis,* no ha sido precisamente proteger los derechos de las partes sino más bien proteger los derechos de las cortes de igual categoría, para evitar conflicto de jurisdicción, demora y la confusión en la administración de justicia.

Y antes de resolver el caso de *Sucn. Iglesias v. Bolívar, supra,* en otro caso anterior de *The Bonnie Fruit Co. v. Dávila et al.,* 7 D. P. R. 442, dejamos establecido que una solicitud en que se pide un mandamiento de *injunction* para suspender un procedimiento es un incidente o procedimiento colateral de la demanda principal, y es regla de procedi-

.miento que el que conoce de lo principal debe conocer de lo accidental o accesorio.

Como la demanda de *injunction* se presentó en la Corte de Distrito de Humacao para suspender procedimientos ordenados por la Corte de Distrito de San Juan en pleito seguido por Manuel Portela contra José A. Díaz en cobro de dinero, de cuyo pleito era un incidente la demanda de *injunction,* entendemos que la Corte de Distrito de Humacao procedió con razón derecha al denegar el *injunction* solicitado por falta de jurisdicción.

Es de confirmase la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados del Toro y Aldrey.

Los Jueces Asociados Sres. Wolf y Hutchison no tomaron parte en la resolución de este caso.