MONAGAS, PLAINTIFF AND APPELLEE, *v.* RIVERA ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Mayagüez in Injunction Proceedings.

No. 3267.—Decided July 26, 1924.

INJUNCTION—JURISDICTION—EXECUTION—DEFAULT JUDGMENT—ATTACHMENT—ADMINISTRATION—MULTIPLICITY.—When the petition for an injunction was filed the Supreme Court had decided the question of jurisdiction in favor of the District Court of Mayagüez, yet a second writ was issued for the execution of the default judgment of the First District Court of San Juan, albeit the judgment had become void because of the decision of the Supreme Court. in *Santalís* v. *El Zenit*, 28 P. R. R. 649. *De facto*, if not *de jure*, the case was under the jurisdiction of the District Court of Mayagüez. Furthermore, the property attached and subject to sale by public auction was in the custody of an administrator appointed by the District Court of Mayagüez. It consisted of eight different insurance policies that could be acquired by that number of persons, the multiplicity of possible proceedings being evident. Under these circumstances it is clear that the injunction to restrain the marshal of the San Juan court from selling the policies was issued with

jurisdiction by the District Court of 'Mayagüez; therefore, this case is an exception to the rule which forbids a court to enjoin the proceedings of another court of the same rank.

The facts are stated in the opinion.

*Mr. H. F. Besosa* for the appellants.

*Mr. J. Sabater* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Juan A. Monagas, as administrator of the estate of John J. Siebert, brought injunction proceedings in the District Court of Mayagüez against J. Rivera Cabrera, Marshal of the First District Court of San Juan, and the corporation Simmons Hardware Co. of Missouri.

In the complaint it was alleged substantially that on November 7, 1921, the defendant corporation brought in the First District Court of San Juan an action of debt against Healy & Siebert; that Siebert's heirs, alleging that they were the real party defendant in that suit, appeared therein for the sole purpose of moving for a change of venue to the District Court of Mayagüez, the place of their residence; that the transfer was denied and an appeal was taken to the Supreme Court; that the Simmons Hardware Co. proceeded with the action and recovered a default judgment against the defendants, in execution of which it levied on a schooner belonging to Siebert's heirs, which was sold to the corporation for a sum less than the amount of the judgment because there were no bidders at the sale; that at this stage the Supreme Court, on July 28, 1922, decided the question of change of venue by reversing the District Court of San Juan and ordering that the case be transferred to the District Court of Mayagüez; that notwithstanding this the defendant corporation obtained from the clerk of the District Court of San Juan an *alias* writ for the execution of the said default' judgment and under it eight insurance policies belonging to Siebert's heirs were levied on, in view of which and in order to prevent the forced sale and avoid a multi-

plicity of proceedings, they filed in the court of their domicile the injunction proceedings referred to in the first paragraph of this opinion.

A preliminary writ of injunction was issued. The defendant demurred to the petition, alleging that the court of Mayagüez was without jurisdiction. The demurrer was overruled and the defendant was allowed fifteen days within which to answer. The defendant did not answer within that time, but appealed to this Supreme Court and its appeal was dismissed because the order appealed from was not final. In view of the attitude of the defendant the plaintiffs moved for judgment and their motion was sustained, the preliminary injunction becoming by virtue thereof a permanent injunction. From that judgment, rendered on January 11, 1924, the present appeal was taken.

Before going into the merits of the case we will say that the appellee's motion for dismissal of the appeal on the ground that the question is academical must be overruled. It is true that the record shows that the judgment under which the levies were made was set aside by the District Court of San Juan which had rendered it; that an appeal taken from that order was dismissed, and that therefore it seems unnecessary to consider whether the injunction lay staying a certain forced sale already finally declared void. However, there remains at least the matter of costs which makes it indispensable to determine whether the court that imposed them had jurisdiction.

The real question of law involved has been correctly stated by the appellant as follows: Can a court restrain, suspend or set aside by injunction the actions, judgments or processes of another court of coordinate jurisdiction?

In the case of *Benítez* v. *Portela et al.*, 27 P.R.R. 839, 841–2, this court, by Mr. Chief Justice Hernández, expressed itself as follows:

"The question of lack of jurisdiction in the District Court of Humacao to grant the injunction sought is not new but was con-

sidered and decided by this court in *Estate of Iglesias* v. *Bolívar,*
11 P.R.R. 548. We then said that, according to the jurisprudence
of California, injunction proceedings must be instituted in the court
rendering the judgment or decree whose execution is sought to be
stayed, or in the court before which the proceeding is being prose-
cuted, and in support of that doctrine we cited the cases of *Crowley*
v. *Davis,* 37 Cal. 268; *Hockstacker* v. *Levy* 11 Cal. 76; *Uhlfelder*
v. *Levy,* 9 Cal. 615; *Gorham* v. *Toomey,* 9 Cal. 77; *Chipman* v.
*Hibbard,* 8 Cal. 270; *Rickett* v. *Johnson,* 8 Cal. 35; and *Revalk*
v. *Kraemer,* 8 Cal. 71. And the purpose of that rule, as said by
Mr. Justice Sprague in *Crowley* v. *Davis,* is not so much to protect
the rights of parties as to protect the rights of courts of coordinate
jurisdiction, to avoid conflict of jurisdiction, confusion and delay
in the administration of justice.

"And before disposing of the case of *Estate of Iglesias* v. *Bolí-
var, supra,* we held in the case of *The Bonnie Fruit Co.* v. *Dávila
et al.,* 7 P.R.R. 430, that an application for an injunction to stay
proceedings is a proceeding incidental or collateral to the main
suit, and it is a rule of procedure that he who passes upon what is
principal must pass upon what is accessory or incidental."

That is the general rule, but there is an exception and
the case under consideration falls within it, as we shall see
presently.

When the petition for an injunction was filed the Su-
preme Court had already decided the question of change of
venue in favor of the District Court of Mayagüez, yet a
second writ was issued for the execution of the default judg-
ment of the San Juan court, albeit the judgment had be-
come void by virtue of the decision of the Supreme Court
(*Santalís* v. *El Zenit,* 28 P.R.R. 649). *De facto,* if not *de
jure,* the case was under the jurisdiction of the District
Court of Mayagüez. Furthermore, the property levied on
and about to be sold at public auction was in the custody
of an administrator appointed by the District Court of Ma-
yagüez. It consisted of eight different insurance policies
that could be acquired by that number of persons, the mul-
tiplicity of possible proceedings being evident. Under these

circumstances it follows that the injunction was issued with jurisdiction by the District Court of Mayagüez.

In the case of *Uhlfelder* v. *Levy,* 9 Cal. 608, cited in *Benitez* v. *Portela, supra,* in support of the general rule, it was said:

"It is true that there may be exceptions to the *general* rule, that one District Court can not restrain the proceedings of another. A case not coming within the reason of the rule, would not come within the rule itself. * * * So, too, in cases where the provisions of the Code require the action to be tried in a particular county, there would be an exception. Of course, a positive provision of the statute, requiring the suit to be brought in a particular county, must be carried out." 9 Cal. 608, 615.

The right of a defendant to be sued in the court of his place of residence is expressly secured by statute, and here that right had already been expressly recognized by the Supreme Court when the writ of injunction was issued.

"Under the rule that one court can not control the process of another court, it is usually held that one court can not enjoin the issuance of an execution from another court; or the levy and enforcement of an execution issued on the judgment of another tribunal, or a sale thereunder, even though an execution of a court of one county is placed in the hands of the sheriff of another county. In some cases, however, the right of one court to enjoin the enforcement of an execution from another court has been asserted. A court may enjoin illegal acts under the final process of another court, such as a levy upon or sale of exempt property, or land claimed as a homestead, or the enforcement of an execution on a satisfied or void judgment." 15 C.J. 1143.

The judgment appealed from must be

*Affirmed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.